Lacey BAILEY *v.* STATE of Arkansas

CR 78-23                                         565 S.W. 2d 603

Opinion delivered May 15, 1978
(Division II)
[Rehearing denied June 12, 1978.]

*Henry Morgan,* for appellant.

*Bill Clinton,* Atty. Gen., by: *James Smedley,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Lacey Bailey was convicted in the Clark County Circuit Court of the first degree murder of his friend, Johnny Anderson, and the second degree murder of his wife, Effie Bailey. He was sentenced to life imprisonment for the murder of Anderson and twenty years for the murder of Effie.

On appeal he alleges two errors: the court refused to give the appellant's instruction on the affirmative defense of intoxication; and, the court incorrectly overruled Bailey's motion to quash pre-trial subpoenas issued by the prosecuting attorney to defense witnesses. We find no merit to either argument.

Bailey is accused of killing his wife and Anderson on the 23rd of August, 1976. The evidence, although circumstantial, is substantial. One witness testified that Bailey took him to the home during the day, showed him the bodies and said, "I done killed them."

There was evidence that Bailey had been drinking that day. Several witnesses said they could tell Bailey had been drinking as early as 7:30 a.m. on the 23rd. The killings undoubtedly occurred before 2:00 p.m. of that day. Bailey argues that the court should have given an instruction that voluntary intoxication is an affirmative defense to an offense which requires a purposeful or knowing mental state. At the time of the alleged offense Arkansas recognized voluntary intoxication as such a defense. Ark. Stat. Ann. § 41-207(2) (Crim. Code 1976). Since then the legislature has repealed that act. Act 101, 1977 Ark. Acts.

The question is whether this Court can state as a matter of law that there were no facts in the record to justify the giving of the appellant's requested instruction. Bailey argues that the instruction should have been given and cites our decision in *Stevens* v. *State*, 246 Ark. 1200, 411 S.W. 2d 451 (1969) as authority for this proposition. We noted in *Stevens* that the issue of whether a defendant is so intoxicated as to negate a specific intent was a jury question. However, in reviewing the evidence in that case this court found no grounds for reversing a jury decision that the defendant was not so intoxicated. In *Stevens* evidence was introduced that the

defendant was "dog drunk" and "out of his head;" in addition, a psychiatrist testified about the defendant's mental condition as it was affected by alcohol and glue sniffing. There was no such evidence in the case before us. No witness testified that Bailey appeared incapacitated by drinking — simply that he had been drinking. Therefore, we cannot say that the trial court erred in refusing this requested instruction.

Bailey also argues that the court should have granted a pre-trial motion to prevent the prosecuting attorney from subpoenaing the defense witnesses before the trial. About six days before the trial the deputy prosecuting attorney issued subpoenas to certain defense witnesses. Bailey filed a motion to prevent the prosecutor from subpoenaing the defense witnesses and argued that they would be intimidated. The appellant did not abstract any evidence regarding this issue. The appellee provided some abstract of a hearing on this motion before the trial court. The deputy prosecuting attorney testified at the hearing that he had no intention of intimidating the witnesses and, therefore, we have simply the bare allegation that the witnesses would be intimidated and Bailey denied a fair trial. We cannot say on this record that the court abused its discretion in overruling the motion of the appellant.

Affirmed.

We agree. HARRIS, C.J., and BYRD and HOWARD, JJ.