Wilbert JOHNSON *v.* STATE of Arkansas

CA CR 82-101                                   642 S.W.2d 324

Court of Appeals of Arkansas
Opinion delivered November 17, 1982

*Chris E. Williams,* for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

GEORGE K. CRACRAFT, Judge. Wilbert Johnson was charged with first degree murder. He was found guilty of second degree murder and sentenced to a term of 20 years imprisonment. The homicide resulted from wounds to the victim's neck, proved and admitted to have been inflicted by the appellant. He appeals from that judgment, advancing four points of error. We find no merit in any of them and affirm the conviction.

After the homicide the appellant left the scene, but within an hour he called a police officer in whom he had confidence and offered to turn himself in. After he was taken into custody he was read his *Miranda* rights, acknowledged that he understood them, signed a waiver and gave a statement describing the circumstances under which the homicide occurred. The appellant first contends that his pre-trial statement was improperly received. At a *Denno* hearing he testified that he did remember the officer's reading him his rights but he was so intoxicated and sleepy that he did not fully comprehend. The officers, on the other hand, testified that before questioning, appellant was fully advised of his *Miranda* rights, stated that he understood them and freely executed a written waiver. The officers stated that although the appellant had been drinking, he was not so intoxicated that he did not know what he was doing and was responsive to all questions propounded to him.

Because it was known that he had been drinking he was given a chemical breath analysis which registered 0.19 percent. A reading of 0.10 is the point at which a presumption of being under the influence of intoxicating liquor arises under our motor vehicle laws. Ark. Stat. Ann. § 75-1031.1 (3) (Repl. 1979). One of the officers testified that because the appellant had been drinking he discussed this matter with the prosecuting attorney. As a result of that discussion he returned the following day when the appellant

was completely sober and again informed him of his *Miranda* rights and obtained a reaffirmance of all of the contents of his statement given the evening before. Several of the officers participated in the investigation and interrogation of the appellant. All of them agreed that while it was obvious that he had been drinking and was under the influence of alcohol, he was not so incapacitated that he was unaware of what he was doing or saying. To the contrary they all testified that he was fully capable of understanding and aware of what he was saying and doing.

Whenever the voluntariness of confession is disputed on constitutional grounds this court makes its own determination of whether the statement was freely and voluntarily given. This independent determination is based on a review of the totality of the circumstances surrounding the making of the statement, and the findings of the trial court in ruling the statement admissible will not be set aside unless this court can say that its ruling was clearly erroneous. *Sumlin* v. *State,* 266 Ark. 709, 587 S.W.2d 571 (1979); *Chambers* v. *State,* 275 Ark. 177, 628 S.W.2d 306 (1982).

The fact that an accused has been drinking at the time of his confession does not in and of itself invalidate his incriminating statement subsequently given. The test is whether he had sufficient mental capacity at the time he waived his constitutional rights to know what he was doing and voluntarily did it. *Kennedy* v. *State,* 255 Ark. 163, 499 S.W.2d 842 (1973). It is for the trial court to determine the credibility of the witnesses and it is not required to give the appellant's testimony greater weight than that of the police officers. *Hunes* v. *State,* 274 Ark. 268, 623 S.W.2d 835 (1981); *Hayes* v. *State,* 274 Ark. 440, 625 S.W.2d 498 (1981). We cannot say that the trial court's finding that the waiver of constitutional rights was freely and voluntarily executed was clearly erroneous.

Even if we assume that the statement given by the appellant on the night of his arrest was constitutionally infirm due to intoxication, it does not follow that his reaffirmation of that statement twenty-four hours later was

deficient as a matter of law. One who makes a confession which is involuntary on constitutional grounds is not perpetually disabled from making a voluntary one after the conditions of abuse have been effectively removed. Whether the abuse and its continued effect upon the voluntariness of a subsequent confession have been removed is to be determined by a conclusion as to whether at the time the second statement was made the accused was fully informed and had that mental freedom to confess or deny his participation in the crime. *Matthews* v. *State,* 261 Ark. 532, 549 S.W.2d 492 (1977); *Woodard* v. *State,* 261 Ark. 895, 553 S.W.2d 259 (1977).

At the time appellant reaffirmed his initial statement he was "cold sober." The officers testified that they again fully informed him of all of his constitutional rights and that he understood them. They testified that he thereafter freely and voluntarily made the same statement he had made twenty-four hours earlier. The court could find that any infirmity which might have existed from intoxication was clearly removed.

For the foregoing reasons we find that the trial court did not err in admitting the written statement.

The appellant next contends that the trial court never expressly ruled that the statement was made voluntarily. He contends that this violates a requirement that a judge's conclusion that a confession is voluntary must appear from the record with unmistakable clarity as required in *Harris* v. *State,* 271 Ark. 568, 609 S.W.2d 48 (1980). While not abstracted by appellant, the appellee points out to us and the record does reflect that at the conclusion of the *Denno* hearing the court stated "The motion is denied. The statement is held to be voluntary and admissible, both of them."

The appellant next contends that the trial court erred in refusing to give his proffered instruction on voluntary intoxication as a defense. We find no merit to this contention for several reasons.

The appellant has not set out in his abstract the other instructions which the court did give. The State argues that under these circumstances the appellate court assumes that the jury was properly instructed. *Ellis* v. *State*, 267 Ark. 690, 590 S.W.2d 309 (Ark. App. 1979); *Moser* v. *State*, 262 Ark. 329, 557 S.W.2d 385 (1977).

Furthermore *Ellis* points out that while voluntary intoxication remains a defense to crimes in which an element is that the act be done knowingly and purposely, the defendant has the burden of proving that defense by a "preponderance of the evidence." In *Ellis* the instruction which the court held to be defective contained no provision on the burden of proof and was not specifically directed to whether the required degree of intoxication existed at the time the crime was committed. In the case under review, while the instruction did recite the proper burden of proof, it did not define "preponderance of the evidence." The party may not complain of the refusal of the trial court to give an instruction which is only partly correct as it is his duty to submit a wholly correct instruction. *Jackson* v. *State*, 92 Ark. 71, 122 S.W. 101 (1909).

We find no error in the trial court's refusal to give the instruction for still another compelling reason. While there was evidence that appellant had been drinking and that he was intoxicated when arrested an hour or more after the incident, there was no evidence from which a jury might find that he was intoxicated to such a degree as to be unable to form the requisite intent to commit the crime *at the time* it was committed. *Bailey* v. *State*, 263 Ark. 470, 565 S.W.2d 603 (1978).

The appellant next contends that the trial court erred in refusing to give his proffered instruction on justification or "self-defense." This instruction would have told the jury that if appellant reasonably believed that the deceased was about to commit a felony with force or violence or was about to use unlawful and deadly force he would be authorized to use such force as was reasonably necessary. That instruction also contained the following conclusion:

348

Wilbert Johnson, in asserting this defense, is required only to raise a reasonable doubt in your minds. Consequently if you believe that this defense has been shown to exist, or if the evidence leaves you with a reasonable doubt as to his guilt of *murder in the first degree* then you must find him not guilty.

The State argues that the instruction was defective in several respects. However, assuming that the instruction was a proper one, we find no prejudice to have resulted from the failure of the court to give it. This instruction was offered only as a defense to the crime of first degree murder. The jury did not find him guilty of that offense. Its verdict found him guilty of a lesser included offense of second degree murder and fixed his punishment accordingly. No other instruction on self-defense as to any lesser included offense was offered.

The appellant finally contends that the trial court erred in making remarks about the probationary system to a member of the jury out of the presence of the other members of the panel while it was in deliberation. We do not address the question because there is nothing in the record. The only reference to such a statement is contained in a motion for a new trial in which it was alleged that the court misinformed the jury as to their sentencing responsibility when he informed them that parole cannot be considered in sentencing. Absent anything in the record before us regarding any conversations which might have taken place between the court and member of the panel, we can make no determination that the court did not properly overrule the motion for new trial.

Affirmed.

GLAZE, J., dissents.