Hershell L. DAVIS and James L. DAVIS
*v.* STATE of Arkansas

CA CR 84-24                    670 S.W.2d 472

Court of Appeals of Arkansas
Division II
Opinion delivered June 20, 1984

80

*Richard Garrett* and *James H. Phillips,* for appellant.

*Steve Clark*, Atty Gen., by: *Victra L. Fewell,* Asst. Atty Gen., for appellee.

Tom Glaze, Judge. Appellants were convicted in Saline County Circuit Court of terroristic threatening in the first degree, a violation of Ark. Stat. Ann. § 41-1608 (Supp. 1983). They raised three points for reversal: (1) the trial court erred by refusing to allow the felony information to be read to the jury; (2) the charge of terroristic threatening is not supported by the proof; and (3) the trial court erred by refusing to give an instruction to the jury on voluntary intoxication as a defense for appellant Hershell Davis.

The essential fact of this case, the commission of the terroristic threat by the appellants, is not disputed by them. The terroristic threat occurred during a car chase on a dark, deserted, winding county road. According to the testimony of the victims, the appellants tried to run them off the road and into a ditch. At the end of the three-mile chase, appellant Jim Davis pulled his van alongside the victims' automobile, and appellant Hershall Davis leaned out of the van and struck the automobile twice on its roof with a leg from a chair. Appellants testified that they thought they were being followed by some men who had, earlier in the evening, attacked them with bottles and a club at a local parking lot. They stated that appellant Hershell Davis struck the car to ward off another attack by their former assailants. The

occupants of the car were, in fact, a woman and her three children, the youngest an eight-year-old boy. The terror that gripped this innocent family during this ordeal is manifest in their testimony. They managed to evade the appellants and made their way home, where they called the sheriff's department.

Deputy sheriffs arrested the appellants at a local pool hall. The arresting officer testified that appellant Hershell Davis "appeared to be a whole lot" intoxicated. Appellant Hershell Davis testified that he was "pretty bad drunk" on the night in question. Appellant Jim Davis stated that he was not drunk during this time.

Appellants cite no authority that directly supports their first argument for reversal — the trial court's refusal to allow the felony information to be read to the jury. The appellants argue that if the jury had been made aware of the statements contained in the information, then they could have used the information as a prior inconsistent statement to show inconsistencies in the victims' testimonies. Appellants cite two cases that hold it is not error for the prosecutor to read the felony information to the jury. *Graham* v. *State*, 202 Ark. 981, 154 S.W.2d 584 (1941); *Malone* v. *State*, 202 Ark. 796, 152 S.W.2d 1019 (1941). Such cases, however, simply fail to support appellants' argument. Assignment of error by counsel in briefs unsupported by convincing argument or authority will not be considered on appeal unless it is apparent without further research that the assignments of error are well taken. *Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977). In any case, the appellants had the opportunity to show inconsistencies in the victims' testimonies on cross-examination; their failure to do so cannot be attributed to the trial court's refusal to allow the information to be read to the jury.

Appellants also argue that the charge of terroristic threatening was not supported by the proof adduced by the State. Ark. Stat. Ann. § 41-1608 states that a person commits terroristic threatening in the first degree if, with the purpose of terrorizing another person, he threatens to cause death or serious physical injury or substantial property damage to

the property of another person. The Commentary to § 41-1608 states that its main application is to conduct creating a prolonged sense of terror. Appellants argue that while they may have sparked a short-lived sensation of terror in the woman and her children, the State did not prove that they instilled a prolonged sense of terror in them. In essence, appellants argue that the State charged them with terroristic threatening but, instead, proved that they had committed assault in the third degree [Ark. Stat. Ann. § 41-1607 (Repl. 1977)]. The short answer to this argument is that it was flatly rejected in *Warren* v. *State*, 272 Ark. 231, 613 S.W.2d 97 (1981). There, the Arkansas Supreme Court interpreted § 41-1608 and held:

> While we strictly construe a penal statute, we find no language which requires terrorizing over a prolonged period of time.

*Id.* at 233, 613 S.W.2d at 98.

In *Warren*, the defendant was convicted of terroristic threatening because he pointed a rifle at two men and threatened to shoot them. If this conduct was prolonged enough to sustain a conviction of terroristic threatening, then, *a fortiori*, the appellant's conduct in this case — a car chase lasting over three miles in which appellants tried to run the victims into a ditch — was certainly prolonged enough.

Appellant Hershell Davis' final allegation of error below is the trial court's refusal to give the jury an instruction on voluntary intoxication as a defense for him. In Arkansas, voluntary intoxication is a defense to a crime requiring a specific intent where the accused was so drunk as to be incapable of forming the necessary intent. *Varnedare* v. *State*, 264 Ark. 596, 573 S.W.2d 57 (1978). Because terroristic threatening requires a purposeful mental state, the defense of voluntary intoxication is available to appellant Hershell Davis.[1] *See Johns* v. *State*, 6 Ark. App. 74, 637 S.W.2d 623

---

[1] The Arkansas Criminal Code defines "purposefully" as follows: a person acts purposefully with respect to his conduct or a result thereof when it is his conscious object to engage in conduct of that nature or to cause such a result. Ark. Stat. Ann. § 41-203(1) (Repl. 1977).

(1982). This defense is available only if there is evidence from which a jury might find that appellant was intoxicated to such a degree as to be unable to form the requisite intent to commit the crime. In this respect, appellant was required to show that he was incapacitated by drinking alcohol — not merely that he drank alcohol — to obtain an instruction on voluntary intoxication as a defense. *Bailey* v. *State,* 263 Ark. 470, 565 S.W.2d 603 (1978); *Johnson* v. *State,* 6 Ark. App. 342, 642 S.W.2d 324 (1982). Appellant's evidence proves only that he had been drinking beer and that he appeared intoxicated to the officer who arrested him *one hour after* the chase incident. Appellant's own testimony proves that he was not incapacitated at the time the crime was committed. At trial, he gave a detailed account of the events of the evening before, during and after the terroristic threat. During the car chase, appellant Hershell Davis had sufficient physical coordination to lean halfway out of a van moving at forty-five miles per hour and twice club the victims' automobile with a chair leg. Because appellant Hershell Davis did not sustain his burden of proof on this point, the trial court did not err in refusing to give the jury an instruction on voluntary intoxication.

In sum, we affirm the decision below.

Affirmed.

CRACRAFT and CORBIN, JJ., agree.