793 P.2d 276

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Patrick LOVATO, Defendant–Appellant.**

**No. 11772.**

Court of Appeals of New Mexico.

April 19, 1990.

Certiorari Denied May 23, 1990.

Hal Stratton, Atty. Gen., William McEuen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Bruce Rogoff, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

BIVINS, Chief Judge.

Defendant appeals his conviction for aggravated battery. On appeal, defendant contends the trial court erred in refusing to give the jury his requested instruction on intoxication as a defense. The trial court denied the requested instruction on the basis there was no evidence from which the jury could infer the effect of defendant's intoxication on his ability to form the necessary intent. *See* SCRA 1986, 14–5111. We affirm.

*Facts*

Defendant's father testified that defendant "just showed up" at father's home some time after dark. Father further testified that he and defendant began to argue, and father told defendant to get out. Father stated defendant stabbed him in father's bedroom.

Defendant's version of events was that he and his father drank between two and three quarts of cheap wine between 3:00 in

the afternoon and roughly 6:00 in the evening. Defendant also testified that he drank an additional glass of wine from another half-gallon his father had. Defendant stated that they were "pretty much drunk." Defendant went to his grandmother's home, but she would not let him in because he was drunk. Defendant then went back to his father's home about 6:30 or 7:00 p.m. and went to sleep in his father's bedroom. Defendant further testified that he was awakened by his father stumbling on him. Defendant stated he saw his father holding a knife and saw the knife coming towards him. A struggle ensued and defendant took the knife and stabbed his father. The police were dispatched to the scene about 11:15 p.m. Therefore, as stated in defendant's brief, "We can be fairly certain that the stabbing happened after 10:30 p.m."

*Discussion and Analysis*

 Specific intent to injure an individual is an essential element of the offense of aggravated battery. NMSA 1978, § 30-3-5(A) (Repl.Pamp.1984); *State v. Crespin*, 86 N.M. 689, 526 P.2d 1282 (Ct. App.1974). A showing of intoxication is a defense to a specific intent crime where the intoxication is to such a degree as would negate the possibility of the necessary intent. *State v. Privett*, 104 N.M. 79, 717 P.2d 55 (1986); *State v. Crespin.*

The issue in this case is whether separate evidence of defendant's inability to form the specific intent to commit battery due to intoxication is required prior to giving such an instruction. Defendant argues that evidence tending to show intoxication at or near the time of the offense is all that is necessary to support an intoxication instruction and the effect of the intoxication on him is a jury issue, not an evidentiary prerequisite to the instruction. On the other hand, the state argues there must be some evidence showing the intoxication impaired defendant's ability to form the necessary intent at or near the time of the incident before defendant is entitled to the instruction.

Defendant relies on *Privett* and *State v. Williams*, 76 N.M. 578, 417 P.2d 62 (1966) to support his argument. *Privett* states

that "to authorize an instruction on intoxication the record must contain some evidence showing or tending to show that defendant consumed an intoxicant *and* the intoxicant affected his mental state at or near the time of the homicide." 104 N.M. at 82, 717 P.2d at 58 (emphasis added). Defendant argues that, despite this language, he need only present evidence of sufficient intoxication at or near the time of the offense from which the jury could infer defendant's mental state was affected.

 Defendant argues that, based on *Williams*, separate evidence of the effect of intoxication on defendant's mental state need not be presented. This is only partially true. *Williams* provides,

In a homicide case the defendant is entitled to have the jury determine the degree and effect of his intoxication upon his mental capacity and deliberative powers. However, the evidence as to intoxication must be substantial and must relate to defendant's condition as of the time of the commission of the [specific intent crime], or be so closely related in time that it can reasonably be inferred that the condition continued to the time of the [crime].

76 N.M. at 586, 417 P.2d at 67 (citations omitted). We read *Williams* to require some evidence of intoxication in all cases. *See State v. Privett.* If this evidence is sufficiently close in time that a jury can reasonably infer defendant remained impaired at the time of the crime, an intoxication instruction is warranted. However, if there is a significant lapse of time between the time of intoxication and the time of the crime, additional evidence must be submitted as to the continued effect of the intoxication on the defendant at the time of the crime.

In this case, intoxication was presented as a defense theory in opening statement; however, the evidence presented was not sufficient to support an intoxication instruction. There was evidence that defendant was drinking heavily from 3:00 p.m. to 6:00 p.m. on the day of the crime and that he was "pretty drunk" at that time. However, there was no evidence that defendant was still intoxicated approximately four

hours later when the crime was committed. Although a third person, who was present at the time of the crime, allegedly said the three men had been drinking before the crime occurred, he did not establish the amount the men had drunk or the time lapse between the drinking and the commission of the crime. There was no evidence which connected defendant's intoxication in the early evening to his mental state at the time of the crime; therefore, the *Williams* requirements were not satisfied.

■ Defendant attempts to bolster his argument by pointing to case law stating that jurors are capable of assessing the degree and effect of intoxication as a matter within their common knowledge and experience. *See State v. Privett; State v. Butler*, 38 N.M. 453, 34 P.2d 1100 (1934), *overruled on other grounds, State v. Turnbow*, 67 N.M. 241, 354 P.2d 533 (1960); *State v. Brigance*, 31 N.M. 436, 246 P. 897 (1926). We disagree with defendant. When the court in *Privett* stated that jurors are capable of assessing the degree and effect of intoxication as a matter within their common knowledge and experience, it was to clarify that it was unnecessary for there to be expert testimony on the effects of intoxication on one's ability to form a required intent. The fact that the jury can determine the degree and effect of intoxication in no way changes the well-established proposition that a party is entitled to instructions on its theory of the case only when there is evidence in the record to support it. *See State v. Ho'o*, 99 N.M. 140, 654 P.2d 1040 (Ct.App.1982). Defendant does not point to any evidence in the record specifically relating to the effect his intoxication had on his ability to form the required intent for aggravated battery. *See State v. Privett.*

Alcohol consumption affects different individuals in different ways. Our supreme court has held that it was not error to refuse a requested instruction on intoxication where there was no evidence to show the intoxication rendered the accused incapable of forming the requisite intent. *See State v. Luna*, 93 N.M. 773, 606 P.2d 183 (1980); *State v. Williams. See also United States v. Washington*, 819 F.2d 221 (9th Cir.1987) (intoxication instruction correctly refused where there was no evidence defendant lacked the mental capacity to form the necessary intent due to intoxication); *Davis v. State*, 12 Ark.App. 79, 670 S.W.2d 472 (1984) (defendant must show that he was incapacitated by the effects of alcohol, not merely that he drank alcohol, to obtain an instruction on voluntary intoxication); *People v. Crosser*, 117 Ill.App.3d 24, 452 N.E.2d 857 (1983); *State v. Washington*, 34 Wash.App. 410, 661 P.2d 605 (1983) (defendant must present evidence to show his drinking affected his ability to form the requisite intent in order to justify an intoxication instruction); *State v. Strege*, 116 Wis.2d 477, 343 N.W.2d 100 (1984).

Moreover, in contrast to the situation in *Privett*, a finding of impairment could not be based on a description of any bizarre behavior by defendant around the time of the offense, nor could it be based on any deficiencies in defendant's testimonial account of the events. On the other hand, defendant's detailed testimony evidences that, rather than being impaired, defendant had a clear head and body and was capable of quick thinking and physical coordination. *See State v. Cruz–Mata*, 138 Ariz. 370, 674 P.2d 1368 (1983) (En Banc) (defendant not entitled to impairment instruction when he gives detailed account of events in his testimony). The complete lack of evidence relating to the effect of defendant's intoxication at the time of the offense, coupled with defendant's clear recall of the events in question, make the denial of defendant's requested instruction correct. *See State v. Watkins*, 88 N.M. 561, 543 P.2d 1189 (Ct. App.1975) (evidence was vague and insufficient to raise a jury question with respect to intoxication as a defense).

Defendant's attempts to distinguish his case from previous New Mexico court decisions on this matter are unpersuasive. Defendant concedes that the evidence in *Privett* more clearly required an intoxication instruction. We agree with this distinction and find it persuasive in holding that it was not error to refuse the intoxication instruction, as it was in *Privett*, wherein there was considerable evidence of defendant's intoxication *and* his strange behavior im-

mediately preceding and succeeding the commission of the crime. Defendant argues that *Luna* is distinguishable from his case, since in *Luna* there was no evidence of intoxication on the day of the offense. However, the court in *Luna* simply stated that the record contained no evidence which reasonably tended to show that the accused's claimed intoxication rendered him incapable of acting in a purposeful way. This is similar to defendant's case. Finally, defendant claims that *Williams* is distinguishable, since *Williams* was a factually weaker case when compared to his case. However, the *Williams* court did not affirm refusal of the instruction merely because of the small amount of intoxicant consumed. In affirming refusal of the instruction, it focused on defendant's failure to submit evidence that he was affected by the intoxicant at the time of the commission of the crime. The evidence in the instant case was similarly flawed.

For the above-stated reasons, defendant's conviction is affirmed.

IT IS SO ORDERED.

APODACA and HARTZ, JJ., concur.