This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

    Plaintiff-Appellee,

v.                               **NO.  28,143**

**NESTOR AUGUSTINE VALDEZ**,

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Stephanie Erin Brunson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ROBLES, Judge.**

Nestor Augustine Valdez (Defendant) was convicted of criminal trespassing, contrary to NMSA 1978, Section 30-14-1 (1995); and larceny over $500, but not more than $2500, contrary to NMSA 1978, Section 30-16-1(D) (2006). On appeal, he claims error in the refusal of the district court to grant his requested jury instructions regarding mistake of fact and voluntary intoxication. Defendant also claims that the evidence adduced at trial was insufficient to support his conviction of larceny over $500. We affirm his conviction.

**I.    BACKGROUND**

Sometime in August 2006, Defendant began applying money on a lay-away plan to H&R Motorsports (H&R) for a dirt bike intended for his nine-year-old grandson. The dirt bike was fully purchased in December 2006. On February 3, 2007, the chain on the dirt bike broke, and Defendant and his grandson put the dirt bike in the back of his pick-up truck and drove to H&R, which is located in a shopping mall. The owner of H&R testified at Defendant's trial and stated that, on February 3, 2007, after exiting out the back door of the store, which leads to back hallways/corridors of the mall, he encountered Defendant and his grandson. He stated that the two were walking toward the outside exit, which opens out to a back parking lot. The owner testified further that Defendant was pushing a miniaturized version of

a sport-styled motorcycle, and the grandson was carrying a large remote control car. The owner recognized both items as products that his store, and only his store, sells in the mall. Thinking that Defendant had purchased the items, the owner inquired as to which salesperson had assisted him, to which Defendant replied, "Oh, I bought it from the Mexican guy in there that's the owner."

After exiting the corridor into the back parking lot where Defendant's truck was parked, the owner recognized the sport bike as one that H&R had previously taken in trade and was inoperable, and that the remote control car that the grandson was carrying had a return slip on the back of it, indicating that it too was inoperable. At that point, the owner told Defendant to "hang out there for a second," and he called security, which ultimately led to the arrival of Officer Steffen. The officer testified that upon her arrival, she saw a sport bike parked on the curb and a remote control car in the back of Defendant's truck. When she spoke to Defendant, she observed an odor of alcoholic beverage coming from him, but he appeared to have no difficulty perceiving his surroundings or understanding the officer, and his responses made sense. Defendant told the officer that he was test driving the sport bike, and he did not know how the remote control car got in the back of his truck.

**II.    DISCUSSION**

**A.    Mistake of Fact**

On appeal, Defendant argues that the district court erred in refusing his tendered instruction on mistake of fact. Defendant states that, on the day in question, he had decided to test drive the sport bike and, from his past experiences, H&R allowed him and members of his family to test drive motorcycles unaccompanied by a salesman.

The suitability of instructions to the jury, given or denied by the district court, presents a mixed question of law and fact, which we review de novo. *State v. Gaitan*, 2002-NMSC-007, ¶ 10, 131 N.M. 758, 42 P.3d 1207. When considering a defendant's requested instructions, "[w]e view the evidence in the light most favorable to the giving of the requested instruction." *State v. Hill*, 2001-NMCA-094, ¶ 5, 131 N.M. 195, 34 P.3d 139. Defendants are entitled to have their theory of the case submitted to the jury under proper instructions where the evidence supports it. *State v. Benavidez*, 94 N.M. 706, 708, 616 P.2d 419, 421 (1980), *overruled on other grounds by Sells v. State*, 98 N.M. 786, 788, 653 P.2d 162, 164 (1982).

At the jury instruction conference, the district court refused the mistake of fact instruction on the basis that no evidence was presented during trial, which would support the inference that Defendant was actually present at any of the previous motorcycle test drives done by his family before they purchased the dirt bike. If correct, the absence of such evidence would allow refusal of the instruction by

foreclosing Defendant's theory that he thought he could test drive motorcycles at H&R unaccompanied by a salesperson. However, as the State admits, the district court misheard the evidence. At trial, Defendant's wife and daughter testified that he was present on multiple occasions while the family test drove motorcycles. Despite this evidence in the record, we are still unconvinced that Defendant was entitled to a mistake of fact instruction. We discuss two points.

First, Defendant did not take the stand in his own defense, but instead relied on testimony from his daughter and wife. Defendant's daughter testified that, in the past, H&R would allow test drives of motorcycles unaccompanied by a salesperson. However, on those occasions, the family would speak with a salesperson first who would then get the motorcycle for them and allow the test drive. Conversely, Defendant's wife testified that, in her experience, when a motorcycle was being test driven, a salesperson was outside with the family the entire time. In either case, the evidence presented at trial does not support a mistake of fact instruction. Defendant's underlying theory requires an affirmative showing in the evidence that it was reasonable for him to believe that he could test drive a motorcycle without H&R's knowledge or permission. *See State v. Lucero*, 1998-NMSC-044, ¶ 5, 126 N.M. 552, 972 P.2d 1143 ("It is basic that a defendant is entitled to have his . . . theory of the case submitted to the jury under proper instructions *where the evidence supports it.*"

(emphasis added) (internal quotation marks and citation omitted)); *see also* UJI 14-5120 NMRA (requiring the jury to find that the defendant had a reasonable and honest belief in the mistake).

Second, New Mexico cases have previously noted that an instruction on mistake of fact is unnecessary where another instruction clearly articulates the intent element that a jury must find in order to convict. *See, e.g.*, *State v. Venegas*, 96 N.M. 61, 63, 628 P.2d 306, 308 (1981) ("Ordinarily, a defendant is not entitled to a specific instruction where the jury has already been adequately instructed upon the matter by other instructions."); *State v. Griscom*, 101 N.M. 377, 379, 683 P.2d 59, 61 (Ct. App. 1984) ("Our reading of *Venegas* leads us to conclude that whenever an intent instruction involving the defendant's mental state is given, the mistake of fact concept is automatically included and does not merit a separate instruction."). The jury in this case was provided with UJI 14-1601 NMRA, which stated the following elements:

1. [D]efendant took and carried away 110cc Motorcycle and Formula L RC Car belonging to another, which had a market value over $500.00;

2. At the time he took this property, [D]efendant intended to permanently deprive the owner of it;

3. This happened in New Mexico on or about the 3rd day of February, 2007.

6

As the State correctly points out, the jury was instructed that they could only find Defendant guilty if they concluded he took and carried away the items with intent to permanently deprive the owner of them. Therefore, if the jury were to conclude that Defendant intended to test drive the sport bike, they would not have been able to conclude that he intended to permanently deprive the owner of it. Likewise, the jury's conclusion that Defendant intended to permanently deprive the owner of the property is an inherent rejection of his defense that he acted under the mistaken premise that he had permission to test drive the sport bike without H&R's knowledge. The question of whether or not Defendant made a significant mistake of fact is subsumed by this instruction, and a conclusion by a jury that he had acted under such a mistaken premise would have necessarily negated the intent element. *See State v. Nieto*, 2000-NMSC-031, ¶ 15, 129 N.M. 688, 12 P.3d 442. If the jury is adequately instructed as to the intent required for conviction, the mistake of fact instruction is superfluous. *Griscom*, 101 N.M. at 379, 683 P.2d at 61. There was no error in the district court's refusal to submit Defendant's mistake of fact instruction to the jury.

**B.    Voluntary Intoxication**

Defendant next claims that the district court erred when it refused the tendered instruction on voluntary intoxication. Voluntary intoxication is a defense to specific-intent crimes "where the intoxication is to such a degree as would negate the

7

possibility of the necessary intent." *State v. Lovato*, 110 N.M. 146, 147, 793 P.2d 276, 277 (Ct. App. 1990). A defendant is entitled to the instruction if there is evidence supporting it. *See State v. Brown*, 1996-NMSC-073, ¶ 34, 122 N.M. 724, 931 P.2d 69. The issue is reviewed de novo, looking at the evidence in the light most favorable to the giving of the instruction. *Hill*, 2001-NMCA-094, ¶ 5.

In his brief, Defendant states that his wife "testified to the fact that he had been drinking that day to celebrate the birth of another grandchild." However, Defendant provides no citation for this claim, and a review of the transcript does not reveal any statements even remotely close to this assertion. The only evidence presented at trial that Defendant had been drinking came from Officer Steffen. Defendant did not take the stand in his own defense, and his wife and daughter did not testify about his alcohol consumption. The officer did state that she "observed an odor of an alcoholic beverage coming from his person." However, her testimony tended to show that Defendant had sufficient control of his faculties, and no testimony presented by the State or Defendant demonstrates otherwise. The mere showing that a defendant has consumed alcohol does not automatically entitle the right to a voluntary intoxication instruction. *State v. Romero*, 1998-NMCA-057, ¶ 26, 125 N.M. 161, 958 P.2d 119. Here, no evidence that Defendant was intoxicated to any degree, let alone to the point that it affected his ability to form the necessary mental state for a specific-intent crime,

was presented during trial. *See State v. Hernandez*, 2003-NMCA-131, ¶¶ 20-22, 134 N.M. 510, 79 P.3d 1118 (holding that there must be some showing that a defendant's ability to form specific intent is hindered before he is entitled to a voluntary intoxication instruction); *cf. State v. Privett*, 104 N.M. 79, 81-82, 717 P.2d 55, 57-58 (1986) (holding that a defendant is entitled to an intoxication defense where there is evidence that the defendant was confused and appeared intoxicated near the time of the crime); *Romero*, 1998-NMCA-057, ¶ 26 ("Typically, evidence of intoxication will come from witnesses who observed the defendant's behavior and demeanor at or near the time of the crime."). Accordingly, we see no error in the district court's denial of the instruction.

**C.     Sufficiency of the Evidence**

Defendant claims that the evidence produced at trial was insufficient to sustain a conviction for larceny under Section 30-16-1. This Court reviews claims of insufficient evidence in the light most favorable to the State, resolving all conflicts and indulging all permissible inferences to uphold a verdict of conviction and with deference to the factual findings below. *State v. Sanders*, 117 N.M. 452, 456, 872 P.2d 870, 874 (1994). The relevant inquiry is "whether substantial evidence exists of either a direct or circumstantial nature to support a verdict of guilty beyond a reasonable doubt with respect to each element of a crime charged." *State v.*

*Watchman*, 2005-NMCA-125, ¶ 2, 138 N.M. 488, 122 P.3d 855. "On appeal, we will not reweigh the evidence nor substitute our judgment for that of the fact finder provided that there is sufficient evidence to support the verdict." *State v. Collins*, 2007-NMCA-106, ¶ 29, 142 N.M. 419, 166 P.3d 480.

In order to convict, the State was required to prove beyond a reasonable doubt that:

1. [D]efendant took and carried away 110cc Motorcycle and Formula L RC Car belonging to another, which had a market value over $500.00;

2. At the time he took this property, [D]efendant intended to permanently deprive the owner of it;

3. This happened in New Mexico on or about the 3rd day of February, 2007.

UJI 14-1601. Defendant argues only that because the owner of H&R walked outside with Defendant, and upon realizing that the property had not been purchased, asked Defendant to wait with the property, and Defendant did; that the property was never out of the owner's control; and "at most, [Defendant] should have been charged with *attempted* larceny." However, as the State correctly points out, the owner testified that he encountered Defendant in the back corridors of the mall where "[t]he public is not allowed." Defendant cites no authority for the proposition that when an individual is caught after property has been taken, the lack of success in escaping the

10

authorities translates into an attempt. Accordingly, we decline to address this argument. *See State v. Ryan*, 2006-NMCA-044, ¶ 3, 139 N.M. 354, 132 P.3d 1040 (holding that arguments not supported by authority will not be considered by the court). As to the remaining elements/evidence, the owner of H&R testified that the sport bike was worth $1,000, and the remote control car was worth $175. We therefore conclude that the jury had sufficient evidence before it to find each element of the offense charged. We review under a standard that resolves all conflicts and indulges all reasonable inferences in favor of the verdict reached. *See State v. Apodaca*, 118 N.M. 762, 765-66, 887 P.2d 756, 759-60 (1994).

**III.    CONCLUSION**

We affirm Defendant's conviction of larceny, contrary to Section 30-16-1(D).

**IT IS SO ORDERED.**


_____
**ROBERT E. ROBLES, Judge**


**WE CONCUR:**


_____
**CYNTHIA A. FRY, Chief Judge**

11

_____
**MICHAEL E. VIGIL, Judge**