This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39936**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**OHLIN SKEEN,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Steven Blankinship, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Patrick J. Martinez
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals from the district court's judgment and sentence convicting him of false imprisonment and aggravated battery causing great bodily harm to a household member, which was further aggravated due to the victim being pregnant. We issued a notice proposing to summarily affirm Defendant's convictions. Defendant has responded with a memorandum in opposition to our notice, which we have duly considered. We remain unpersuaded and affirm.

**{2}** In response to our notice proposing to reject his challenge to the sufficiency of the evidence, Defendant argues for the first time that he was so intoxicated, he could not form the specific intent required for aggravated battery and false imprisonment.

[MIO 6-8] This is not a challenge to the sufficiency of the evidence, but rather a contention that Defendant was entitled to an instruction on the intoxication defense. *See State v. Lovato*, 1990-NMCA-047, ¶ 4, 110 N.M. 146, 793 P.2d 276 ("A showing of intoxication is a defense to a specific intent crime where the intoxication is to such a degree as would negate the possibility of the necessary intent."). Because this is a new argument, we treat it as a motion to amend the docketing statement to add this new issue. *See* Rule 12-210(D)(2) NMRA (stating, "[t]he parties shall not argue issues that are not contained in either the docketing statement or the statement of the issues," but permitting the appellant to move to amend the docketing statement upon good cause shown, which can be combined with a memorandum in opposition).

**{3}**      In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely; (2) states all facts material to a consideration of the new issues sought to be raised; (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal; (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement; and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{4}**      Defendant's combined memorandum in opposition and motion to amend should contain all or most of the factors set forth in *Rael* and *Moore* in order to show good cause, but in this case it does not address or satisfy the important content requirements. First, Defendant does not explain whether or how he preserved the claim that he was entitled to an intoxication defense to either of the charges against him. The record indicates that Defendant did not raise this issue, and his requested instructions do not include an instruction on the intoxication defense. [1 RP 213-17] Thus, there is no indication that Defendant preserved this claim. Defendant also does not explain why his entitlement to an intoxication instruction can be raised for the first time on appeal or why it was not raised in the docketing statement. Instead, Defendant partially attempts to disguise it as a continuation of his challenge to the sufficiency of the evidence and makes the bare statement that "[t]he failure to tender a jury instruction on this issue was a fundamental error due to its impact of [sic] the essential elements of the crimes charged." [MIO 7] This Court has categorically rejected such an argument. *See State v. Savage*, 1992-NMCA-126, ¶ 11, 115 N.M. 250, 849 P.2d 1073 (holding that while the Rules of Criminal Procedure require the district court to instruct the jury on essential elements of a crime, they do not require the court to instruct the jury on affirmative defenses that are not essential elements of the crime). There is no viable argument that a lack of intoxication is an essential element of the crimes with which Defendant was charged; thus, the duty to instruct the jury on the intoxication defense does not arise from the duty to instruct on the essential elements. Defendant does not refer us to any other authority for the proposition that the district court's failure to sua sponte instruct the jury as to a defense that the defendant did not raise at trial constitutes fundamental

error, and we are not aware of any. *See ITT Educ. Servs., Inc. v. Tax'n & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (stating that this Court will not consider propositions that are unsupported by citation to authority).

**{5}**     Second, the memorandum in opposition does not provide us with a summary of all the testimony and evidence presented relative to an intoxication defense. It does not explain what evidence was presented, that Defendant's "intoxication rendered him incapable of acting in a purposeful way" at the time of the crime, as required by our case law to entitle a defendant to an intoxication defense instruction. *Lovato*, 1990-NMCA-047, ¶ 14. We also note that Defendant's docketing statement informed us that Defendant "gave a very detailed, concise, and consistent version of the events that took place, and certain events that did not take place." [DS 7] He vigorously denied ever kicking, punching, or stomping on the victim's face, but admitted that he lightly slapped her and that she fell to the ground. [DS 6-7] It also appears that Defendant walked to the police station shortly after the incident, evincing purposeful conduct, and that Defendant was interviewed at the station by police, which was recorded and admitted into evidence. [DS 6] There is no claim that the lapel video showed that Defendant was so intoxicated that he was incapable of forming specific intent at that time, and his statements and detailed testimony about the incident suggest that Defendant had or claimed to have had a clear head that could accurately recount his actions and could exercise control of his body. *See id.* ¶ 13 ("The complete lack of evidence relating to the effect of [the] defendant's intoxication at the time of the offense, coupled with [the] defendant's clear recall of the events in question, make the denial of [the] defendant's requested instruction correct."). As a result, Defendant's memorandum in opposition has not only failed in its obligation to provide us with all the relevant facts, it has failed to demonstrate a viable claim of fundamental error. *See State v. Astorga*, 2015-NMSC-007, ¶ 14, 343 P.3d 1245 (stating that fundamental error occurs when "a defendant's conviction shocks the conscience because either (1) the defendant is indisputably innocent, or (2) a mistake in the process makes a conviction fundamentally unfair notwithstanding the apparent guilt of the accused" (alteration, internal quotation marks, and citation omitted)); *see also Rael*, 1983-NMCA-081, ¶ 10 (explaining that the requirement that appellants satisfy their burden to state all facts material to the consideration of the late-raised issue applies "with equal, if not greater, force to requests to amend docketing statements and to fulfill showings of good cause that would persuade us to allow any motion to amend").

**{6}**     For these reasons, Defendant does not satisfy the requirements for amending the docketing statement to add the new issue relative to his intoxication that he raises in his memorandum in opposition, and we do not address it further. In the absence of a claim that he could not form the specific intent required of the charged offenses, what chiefly remains is conflicting evidence about the incident, which we do not reconcile or reweigh on appeal. *See State v. Garvin*, 2005-NMCA-107, ¶ 5, 138 N.M. 164, 117 P.3d 970 (observing that as the appellate court, we do not substitute our judgment for that of the fact-finder concerning the credibility of witnesses or the weight to be given their testimony). We hold that the evidence of Defendant's repeated and brutal beating of the

victim on her face and head is sufficient to prove his intent to injure the victim for purposes of establishing aggravated battery with great bodily harm. [1 RP 220-27]

**{7}** To the extent Defendant contends that the evidence that he stood in the doorway was insufficient to prove intent for false imprisonment and to prove actual confinement [MIO 4], we are not persuaded. Again, Defendant does not provide us with a summary of all the evidence presented relative to false imprisonment. We can imagine that blocking a doorway may constitute a sufficient act of false imprisonment and we see no requirement that the evidence show no means of escape, as Defendant contends [MIO 4, 8]. *See State v. Corneau*, 1989-NMCA-040, ¶ 12, 109 N.M. 81, 781 P.2d 1159 ("False imprisonment does not require physical restraint of the victim; it may also arise out of words, acts, gestures, or similar means. The restraint need be for only a brief time." (citation omitted)). It also appears that in combination with his act of blocking a doorway, Defendant approached the victim and took her cell phone from her, evincing an intent to confine her and cut her off from help. [MIO 1] Without a more complete understanding of the evidence presented, we cannot say that Defendant's act of blocking the doorway under the circumstances was insufficient to prove false imprisonment. As a result, we affirm Defendant's conviction for false imprisonment.

**{8}** Lastly, Defendant pursues his argument that the victim's cell phone should have been made available to the defense for inspection by his own expert at a specified time, place, and manner. [MIO 8-10] Although Defendant's memorandum in opposition describes a somewhat more clear contention, his response is not clearly responsive to specific concerns detailed in our notice and it gives rise to new concerns. Specifically, Defendant's response to our notice does not clearly explain: when and how he brought this issue to the court's attention after Ms. Wright, a state investigator, performed the forensic analysis of the cell phone; whether Defendant requested that his expert inspect the cell phone at a specified time, place, and manner after Ms. Wright's analysis; how Defendant's access to the cell phone was not determined by the parties' stipulation; how he demonstrated the likelihood of uncovering material, admissible evidence from the cell phone; and how he demonstrated prejudice with speculation that the audio clip may have been altered without any contention that Ms. Wright's forensic efforts were faulty. *See State v. Ortiz*, 2009-NMCA-092, ¶¶ 28-29, 146 N.M. 873, 215 P.3d 811 (recognizing that asserting a discovery right requires a showing of materiality and prejudice); *see in re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). Accordingly, we are not persuaded that Defendant has demonstrated error.

**{9}** For the reasons stated in our notice and in this opinion, we affirm the district court's judgment and sentence.

**{10}  IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**SHAMMARA H. HENDERSON, Judge**