This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40034**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**LAURENCE DREAMER WHIPPLE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel A. Bryant, District Judge**

Hector H. Balderas, Attorney General
Laurie Blevins, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Twelfth Judicial District Court in *In re Pilot Project for Criminal Appeals*, No. 2021-002, effective September 1, 2021. Following consideration of the brief in chief, the Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer, and reply brief, we affirm for the following reasons.

**{2}** Defendant appeals from his conviction for aggravated battery. Defendant argues that he was so intoxicated he could not form the specific intent required to sustain a conviction for aggravated battery. [BIC 9] This is not a challenge to the sufficiency of the evidence, but rather a contention that Defendant was entitled to an instruction on the intoxication defense.

**{3}** "The standard of review we apply to jury instructions depends on whether the issue has been preserved. If the error has been preserved we review the instructions for reversible error. If not, we review for fundamental error." *State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134 (citation omitted) "Under both standards we seek to determine whether a reasonable juror would have been confused or misled by the instruction." *Id.* (internal quotation marks and citation omitted). Convictions will only be reversed under the doctrine of fundamental error "if the defendant's guilt is so questionable that upholding a conviction would shock the conscience, or where, notwithstanding the apparent culpability of the defendant, substantial justice has not been served." *State v. Silva*, 2008-NMSC-051, ¶ 13, 144 N.M. 815, 192 P.3d 1192 (internal quotation marks and citation omitted).

**{4}** The record indicates that Defendant did not raise this issue at trial, nor do his requested instructions include an instruction on the intoxication defense. [RP 213-17] Defendant admits he failed to preserve this claim but nonetheless urges this Court to consider it under the doctrine of fundamental error, contending that the district court had a duty to sua sponte instruct the jury on voluntary intoxication despite his failure to raise it as a defense. This Court has categorically rejected such an argument. *See State v. Savage*, 1992-NMCA-126, ¶ 11, 115 N.M. 250, 849 P.2d 1073 (holding that while the rules of criminal procedure require the district court to instruct the jury on essential elements of a crime, they do not require the court to instruct the jury on affirmative defenses that are not essential elements of the crime). There is no viable argument that a lack of intoxication is an essential element of the crime with which Defendant was charged; thus, the duty to instruct the jury on the intoxication defense does not arise from the duty to instruct on the essential elements. We are unpersuaded by Defendant's attempt to argue that the defense is somehow transformed into an essential element when any evidence of intoxication is present. *See State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (stating that appellate courts are under no obligation to review unclear or undeveloped arguments). Moreover, Defendant does not refer us to any other authority for the proposition that the district court's failure to sua sponte instruct the jury as to a defense that a defendant did not raise at trial constitutes fundamental error, and we are not aware of any. *See ITT Educ. Servs., Inc. v. N.M. Tax'n & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (stating that this Court will not consider propositions that are unsupported by citation to authority).

**{5}** Moreover, "[a] showing of intoxication is a defense to a specific intent crime [only] where the intoxication is to such a degree as would negate the possibility of the necessary intent." *State v. Lovato*, 1990-NMCA-047, ¶ 4, 110 N.M. 146, 793 P.2d 276. Despite the fact that the evidence may have established that Defendant was intoxicated at the time of the incident, there is no indication that evidence was presented showing

Defendant's "intoxication rendered him incapable of acting in a purposeful way" at the time of the crime, as required by our case law before a defendant is entitled to a voluntary intoxication instruction. *Id.* ¶ 14. We note that Defendant testified to the relevant events at trial, and, as indicated in his brief in chief, Defendant appeared to be able to provide a cogent account of the facts as he remembered them. *See id.* ¶ 13 ("The complete lack of evidence relating to the effect of [the] defendant's intoxication at the time of the offense, coupled with [the] defendant's clear recall of the events in question, make the denial of [the] defendant's requested instruction correct."). As a result, Defendant has failed to demonstrate a viable claim of fundamental error. *See State v. Astorga*, 2015-NMSC-007, ¶ 14, 343 P.3d 1245 (stating that fundamental error occurs when "a defendant's conviction shocks the conscience because either (1) the defendant is indisputably innocent, or (2) a mistake in the process makes a conviction fundamentally unfair notwithstanding the apparent guilt of the accused" (text only)).

**{6}** To the extent that Defendant argues that the evidence was insufficient to sustain his conviction for aggravated battery because the State failed to establish that he had the requisite intent, such argument appears to be a reiteration of his contention that he was unable to form the requisite intent due to his intoxication. [BIC 17] Having already rejected this contention above, we need not consider it further. *See State v. Flores*, 2010-NMSC-002, ¶ 19, 147 N.M. 542, 226 P.3d 641 (stating that "circumstantial evidence alone can amount to substantial evidence" and that "intent is subjective and is almost always inferred from other facts in the case" (alteration, internal quotation marks, and citation omitted)), *overruled on other grounds by State v. Martinez*, 2021-NMSC-002, 478 P.3d 880; *State v. Michael S.*, 1995-NMCA-112, ¶ 7, 120 N.M. 617, 904 P.2d 595 (stating that "[i]ntent need not be established by direct evidence, but may be inferred from the [defendant]'s conduct and the surrounding circumstances").

**{7}** Finally, Defendant contends that his trial counsel was constitutionally ineffective for failing to request an instruction on voluntary intoxication. "To evaluate a claim of ineffective assistance of counsel, we apply the two-prong test in *Strickland v. Washington*, 466 U.S. 668, 687 . . . (1984)." *State v. Dylan J.*, 2009-NMCA-027, ¶ 36, 145 N.M. 719, 204 P.3d 44. "That test places the burden on the defendant to show that his counsel's performance was deficient and that the deficient performance prejudiced his defense." *Id.* "If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61.

**{8}** Defense counsel's performance is deficient if his or her conduct falls below that of a reasonably competent attorney. *State v. Grogan*, 2007-NMSC-039, ¶ 11, 142 N.M. 107, 163 P.3d 494. "We indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *State v. Hunter*, 2006-NMSC-043, ¶ 13, 140 N.M. 406, 143 P.3d 168 (internal quotation marks and citation omitted). "[I]f on appeal we can

conceive of a reasonable trial tactic which would explain the counsel's performance, we will not find ineffective assistance." *Roybal*, 2002-NMSC-027, ¶ 21.

**{9}** As explained above, the facts as presented by Defendant in his briefing indicate only that Defendant was intoxicated at the time of the incident, with nothing suggesting that Defendant's "intoxication rendered him incapable of acting in a purposeful way" at the time of the crime. *See Lovato*, 1990-NMCA-047, ¶ 14. Accordingly, it is entirely possible that defense counsel strategically chose not to request an instruction that was not supported by the evidence. *See Roybal*, 2002-NMSC-027, ¶ 21. Moreover, it appears that Defendant's primary defense was that he had disengaged from the altercation at the time the railing gave way, a defense chiefly established by Defendant's own testimony. [BIC 6] As such, trial counsel may have believed that requesting an instruction on voluntary intoxication would undermine Defendant's trial testimony and ultimately harm his defense. *See Hunter*, 2006-NMSC-043, ¶ 13. On these facts, we cannot say that Defendant has established a prima facie case of ineffective assistance of counsel. *See Roybal*, 2002-NMSC-027, ¶ 19.

**{10}** For the reasons stated, we affirm the district court's judgment and sentence.

**{11}  IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**