849 P.2d 1073

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Richard Lee SAVAGE, Defendant–Appellant.**

**No. 13,277.**

Court of Appeals of New Mexico.

Dec. 1, 1992.

Certiorari Granted Feb. 24, 1993.

Tom Udall, Atty. Gen., Joel K. Jacobsen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender, Amme M. Hogan, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

MINZNER, Judge.

Defendant appeals his conviction by a jury for trafficking cocaine, contrary to NMSA 1978, Section 30–31–20 (Repl.Pamp.1989). He raises four issues on appeal. We conditionally affirm. *See State v. Debarry,* 86 N.M. 742, 527 P.2d 505 (Ct.App.1974). We remand to permit the trial court to reconsider whether Defendant was entitled to dismissal under *Baca v. State,* 106 N.M. 338, 742 P.2d 1043 (1987), as clarified by *State v. Sheetz,* 113 N.M. 324, 825 P.2d 614 (Ct.App.1991). The conviction in this case arose out of the same "sting operation" as in *Sheetz.*

*Motion for Directed Verdict/Objective Entrapment.*

Defendant's first issue is whether the trial court erred in denying his motion for directed verdict at the close of all the evidence. In his motion, Defendant raised the issue of objective entrapment. In support of his motion, Defendant argued to the court that the uncontradicted evidence at trial showed that he had acquired the cocaine from a confidential informant (Danny Goree), sold the cocaine to an undercover police officer (Thomas Mabrey), and therefore the State failed to prove he was guilty of trafficking beyond a reasonable doubt. The record shows that Defendant relied on a particular theory of objective entrapment, which was that the police exceeded the standards of proper investigation because "the government was both the supplier and the purchaser of the contraband and defen-

dant was recruited as a mere conduit." *Baca,* 106 N.M. at 341, 742 P.2d at 1046. Defendant's particular theory of objective entrapment depended on whether he himself was a credible witness. Under *Sheetz,* which was decided while this case was pending on appeal, the proper resolution of Defendant's motion depends on whether the trial court found Defendant to be a credible witness regarding the transaction for which he was convicted.

■ The question presented by a motion for directed verdict is whether there is substantial evidence to support the charge, *see State v. Maestas,* 92 N.M. 135, 584 P.2d 182 (Ct.App.1978), and in resolving this question the trial court must view the evidence in the light most favorable to the State. *See, e.g., State v. Gilbert,* 99 N.M. 316, 657 P.2d 1165 (1982). To view the evidence in the light most favorable to the state is to consider whether a reasonable person could decide that Defendant was not credible. Although Defendant, like the defendants in *Baca* and *Sheetz,* moved for a directed verdict on grounds of objective entrapment, a motion for directed verdict is no longer the proper means to raise that issue.

In *Sheetz,* the trial court denied the defendant's motion for directed verdict because the entrapment defense was raised solely by the defendant's testimony and the defendant's credibility was at issue. 113 N.M. at 326, 825 P.2d at 616. In interpreting *Baca,* as well as New Mexico entrapment law in general, we explained that a trial court should first make its own determination of whether there was objective entrapment. *Sheetz,* 113 N.M. at 326, 825 P.2d at 616. Once a defendant raises the issue of objective entrapment, there is an initial fact-finding problem for the trial court. "If the facts are undisputed or if the trial court, after resolving the facts, believes that they establish misconduct of state agents of the sort described herein or in *Baca* or [*State v.*] *Sainz* [84 N.M. 259, 501 P.2d 1247 (1972) ], the court shall dismiss the charges." *Id.* at 329, 825 P.2d at 619. Therefore, the correct method of raising the issue of objective entrapment in the trial court is by motion to dismiss because of governmental misconduct.

■ The trial court need not decide—as it would have to on a motion for directed verdict—that the evidence, even when viewed in the light most favorable to the government, compels a finding of objective entrapment; it need only be itself convinced that there was objective entrapment. Of course, any time the trial court denied a motion to dismiss, the court would necessarily have denied a motion for directed verdict since denial of the motion to dismiss implies that at least one reasonable person, the judge, could find in favor of the government on the claim of objective entrapment.

■ Although after *Sheetz* a defendant should raise the issue of objective entrapment in a motion to dismiss, we hold that in this case Defendant adequately preserved the issue by moving for a directed verdict. We require compliance with rules of preservation to ensure that the trial court had a fair opportunity to decide an issue on which a claim of reversible error is based. *See State v. Lucero,* 104 N.M. 587, 725 P.2d 266 (Ct.App.1986). We think that Defendant clearly preserved legal issues under *Baca.* The difficult problem in this case has been what issues his motion, based on *Baca,* preserved. Although the State suggests on appeal that Defendant preserved only the issue of whether he was entitled to a directed verdict as a matter of law, we conclude that Defendant preserved the issue of whether he was entitled to dismissal if the trial court found him to be a credible witness because he relied on *Baca,* which *Sheetz* clarified. In *Sheetz* itself we remanded for a determination by the district court of whether it believed the defendant's testimony regarding objective entrapment, even though at trial the defendant had not requested such a fact-finding by the court. Thus, we believe Defendant is entitled to the benefit of the holding in *Sheetz* that establishes his right to dismissal if the trial court rules in his favor on the particular theory of entrapment he raised.

■ There is no dispute that Mabrey was acting as an undercover agent for the

police, although he was not a police officer. It is also undisputed that Goree was a confidential informant for the state. Defendant testified that he obtained the cocaine from Goree, sold the substance to Mabrey at Goree's urging, and gave the money he received from selling the substance to Goree. As in *Sheetz*, then, Defendant's only evidence of entrapment was his own testimony. Because the trial court judge was not obligated to believe Defendant's version of what happened, *State v. Sutphin*, 107 N.M. 126, 753 P.2d 1314 (1988), the trial court could have found that Defendant was not objectively entrapped as a matter of law. However, under *Sheetz*, Defendant was entitled to dismissal of the trafficking charge if the trial judge found him to be credible. If the court believed that he had been a "mere conduit" between a government supplier and a government purchaser, he was entitled to dismissal of the trafficking charge. Therefore, we remand to permit the trial court to reconsider the question of objective entrapment in light of *Sheetz*.

### Error in Instructing the Jury/Objective Entrapment.

 In this case defense counsel neither tendered an instruction on objective entrapment nor objected to any of the instructions tendered by the State. Indeed, in renewing her motion for a directed verdict, defense counsel argued that "*Baca* says as a matter of law entrapment has occurred."

The State contends that Defendant has waived any argument that the issue should have been submitted to the jury. Defendant argues that the trial court had been alerted to this line of defense and had an obligation to instruct the jury. *See* SCRA 1986, 5–608. This rule states that a court "must instruct the jury upon all questions of law essential for a conviction of any crime submitted to the jury." R. 5–608(A). Otherwise, a party must submit a correct, written instruction to preserve an objection for failing to instruct on an issue. R. 5–608(D).

We agree with the State that Defendant did not preserve any right to a jury trial on the issue of objective entrapment. His theory was that he was entitled to dismissal because the State failed to rebut his prima facie showing of objective entrapment under *Baca*. He argued that he was entitled to a ruling by the trial court dismissing the charge, because the evidence of the kind of misconduct described in that case was undisputed. That theory and argument did not encompass a claim that the jury should decide the question of objective entrapment described in *Sheetz*. *See Andrus v. Gas Co.*, 110 N.M. 593, 798 P.2d 194 (Ct.App. 1990); *cf. State v. Goss*, 111 N.M. 530, 807 P.2d 228 (Ct.App.1991) (defendants failed to preserve for appellate review challenge to constitutionality of roadblock, where specific challenge to roadblock not made to district court).

We agree with Defendant that the trial court has an obligation to instruct on "all questions of law essential for a conviction of any crime submitted to the jury." R. 5–608(A). However, entrapment is an affirmative defense. Its absence is not an element of the offense. There is no issue essential to conviction on which the trial court failed to instruct the jury. Because Defendant did not offer a written instruction to be given to the jury, he has waived a jury's resolution of any issue of objective entrapment. *State v. Lopez*, 109 N.M. 578, 787 P.2d 1261 (Ct.App.1990).

### Right to Confrontation.

 It is undisputed that the State had subpoenaed Goree, the confidential informant, and requested a warrant for his arrest when he failed to appear. Under these circumstances, Goree was not a witness against Defendant. *See State v. Barton*, 79 N.M. 70, 439 P.2d 719 (1968) (an informer is neither a witness nor an accuser within the meaning of the confrontation clause). Defendant's right to confrontation did not arise, and therefore he was not denied this right.

### Ineffective Assistance of Counsel.

 Defendant also argues that he was denied effective assistance of counsel because counsel failed to move for a mistri-

al when Goree failed to testify. He notes that his counsel "specifically told the jury during the opening statement that the defense would depend upon being able to question" Goree.

Since there is no indication that defense counsel should have known the informant would not appear under the State's subpoena, we are not persuaded that he was denied effective assistance of counsel by defense counsel's comment during opening statement. Moreover, the failure to move for a mistrial could have been part of defense counsel's trial tactics, since Goree's testimony could have been more prejudicial to Defendant's case than not having him testify at all. *See State v. Dean,* 105 N.M. 5, 727 P.2d 944 (Ct.App.1986) (this court will not second-guess trial tactics or strategy). *See also State v. Powers,* 111 N.M. 10, 800 P.2d 1067 (Ct.App.1990).

■ The remaining grounds Defendant asserts for ineffective assistance of counsel include the fact that counsel introduced evidence of the nature of Defendant's prior convictions. He also argues that counsel provided ineffective assistance of counsel in failing to request a jury instruction on objective entrapment.

It is clear from counsel's questioning of Defendant that the evidence of prior convictions came in as a matter of trial strategy. *See Dean,* 105 N.M. at 8, 727 P.2d at 947. After Defendant admitted to having been sentenced for selling marijuana in 1983, Defendant stated that, despite those convictions, he did not sell drugs he had acquired on his own but only drugs that he acquired from Goree. Since the nature of Defendant's prior convictions was relevant and admissible to his propensity to commit the crime, which was at issue under the subjective entrapment defense on which the jury was instructed, it was reasonable for defense counsel to introduce this evidence to mitigate the damaging effect it might have. *See id.*

■ The question of a jury instruction on objective entrapment is more difficult. We note, however, that the only evidence to support a jury instruction on objective entrapment was evidence that Defendant was a mere conduit under *Baca.* Until

*Sheetz* was decided, the scope of objective entrapment under *Baca* was unclear and, until it was clarified, defense counsel's position that Defendant was entitled to a motion for directed verdict was based on a reasonable interpretation of *Baca,* as was the trial court's decision denying the motion. After *Sheetz* was decided, it was clear that, on these facts, there was an issue of fact to be considered initially by the trial court and, in an appropriate case, to be decided by the jury.

■ It is Defendant's obligation to show both a lack of competence and prejudice. *State v. Talley,* 103 N.M. 33, 702 P.2d 353 (Ct.App.1985). Absent such a showing, counsel is presumed competent. *Id.* On this record, Defendant has not carried his burden of showing a lack of competence. A showing that counsel has not anticipated a future development in the law is not sufficient. *See Sullivan v. Wainwright,* 695 F.2d 1306, 1309 (11th Cir.), *aff'd per curiam,* 464 U.S. 109, 104 S.Ct. 450, 78 L.Ed.2d 210 (1983); *Foster v. State,* 748 S.W.2d 903, 910 (Mo.Ct.App. 1988). "The adequacy of counsel's performance must be determined by the law in effect at the time of ... trial." *James v. State,* 564 So.2d 1002, 1005 (Ala.Crim.App. 1989).

*Conclusion.*

We conditionally affirm Defendant's conviction, but we remand this case to the trial court for further proceedings. *See Debarry,* 86 N.M. at 744, 527 P.2d at 507. If the trial court believes Defendant's version of events concerning objective entrapment, the court shall enter an order vacating the conviction and dismissing the charge against Defendant. *See Sheetz,* 113 N.M. at 330, 825 P.2d at 620. If the trial court does not believe Defendant's evidence, Defendant's conviction is affirmed, and the judgment and sentence will stand.

IT IS SO ORDERED.

HARTZ and BLACK, JJ., concur.