This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                              **NO. 29,530**

**JAMES ST. PETER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Sandra A. Grisham, District Judge**

Gary K. King, Attorney General
Andrea Sassa, Assistant Attorney General
Santa Fe, NM

for Appellee

Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendant was convicted of bringing contraband into a jail in violation of NMSA 1978, Section 30-22-14(B) (1976), and tampering with evidence, NMSA 1978, Section 30-22-05 (2003). He appeals the district court's judgment and sentence, and he claims (1) that the district court erred in blocking the testimony of an exculpatory witness, and (2) that he received ineffective assistance of counsel. In assigning this case to the general calendar, this Court invited Defendant to brief a sufficiency issue. Defendant has not briefed this issue, and we therefore will not address sufficiency of the evidence. *See State v. Gee*, 2004-NMCA-042, ¶ 25, 135 N.M. 408, 89 P.3d 80 (noting that issues not briefed are deemed abandoned). We afffirm Defendant's convictions.

## I. EXCLUSION OF WITNESS

Defendant argues that the district court erred in refusing to allow fellow inmate Anthony Barnhill to testify. According to Defendant, Barnhill would provide exculpatory testimony to the charge of bringing contraband into the jail by telling the jury that he had given Defendant the marijuana inside the prison. Defendant correctly observes that he had a constitutional right to present a defense by calling exculpatory witnesses. *See State v. Kerby*, 2005-NMCA-106, ¶ 32, 138 N.M. 232, 118 P.3d 740, *aff'd*, 2007-NMSC-014, 141 N.M. 413, 156 P.3d 704. However, a review of the proceedings indicates that it would have been pointless to call Barnhill to testify, only

2

to invoke in person his right not to testify.

At the time he was tendered as a witness for Defendant's trial, Barnhill was incarcerated on murder charges. Defense counsel indicated that Barnhill would testify that he gave Defendant the marijuana, at which point the court was informed that Barnhill was being represented by Gary Mitchell. The court was informed that Mitchell, who was not present, was not going to allow his client to testify at Defendant's trial. The district court noted that Barnhill was undergoing a competency evaluation related to the charges pending against him. The court stated that it could not allow Barnhill to testify without his attorney, who would in any event advise him not to say anything.

We agree with the district court that it would have been pointless to allow Barnhill to be called as a witness under these circumstances where there is no indication that the testimony would have ultimately been given. We note that it is impermissible for a prosecutor to call a witness before a jury when the prosecutor knows that the witness will invoke the right to remain silent. *See State v. Henderson*, 2006-NMCA-059, ¶ 26, 139 N.M. 595, 136 P.3d 1005. In the context of a defendant who wishes to call such a witness, a trial court's exclusion of this witness does not constitute reversible error because the testimony would not have come into evidence. *See State v. Fernandez*, 117 N.M. 673, 677, 875 P.2d 1104, 1108 (Ct. App. 1994) ("In

3

the absence of prejudice, there is no reversible error."). We also note that the Fifth Amendment right to remain silent is a personal privilege, and Defendant could not have compelled this testimony. *See State v. Brown*, 1998-NMSC-037, ¶ 65, 126 N.M. 338, 969 P.2d 313. Finally, we disagree with Defendant's characterization of the issue. The issue is not, as Defendant claims, whether a witness's attorney must be present when he testifies; instead, the issue is whether a witness should be called to testify when that witness's attorney has stated that he would not allow his client to testify based on the Fifth Amendment right to remain silent. In addition to frustrating the attorney-client relationship, compelling attendance would serve no purpose in the absence of an indication that the attorney was inclined to reconsider the issue. In the absence of any indication that this was the case here, we conclude that the district court did not commit error in refusing to permit Defendant to call Barnhill as a witness.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant claims that he received ineffective assistance of counsel.

> When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance.

*State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61.

4

> To establish a prima facie case of ineffective assistance of counsel, [the d]efendant must show that (1) counsel's performance was deficient in that it "fell below an objective standard of reasonableness"; and (2) that [the d]efendant suffered prejudice in that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (quoting *Lytle v. Jordan*, 2001-NMSC-016, ¶¶ 26-27, 130 N.M. 198, 22 P.3d 666).

Defendant argues that his trial attorney denied him the effective assistance of counsel by failing to secure the testimony of Barnhill. As indicated by our discussion above, Defendant has not established prejudice because he has not shown that Barnhill would have waived his right not to testify; to the contrary, all the indications are that Barnhill's attorney would not have allowed him to testify at Defendant's trial. With respect to the claim that counsel should have pursued immunity for this testimony, the law in effect at the time of Defendant's trial was that the prosecutor controlled granting use immunity. *See State v. Belanger,* 2009-NMSC-025, ¶ 36, 146 N.M. 357, 210 P.3d 783. Defendant concedes that *Belanger*, which recognized the district court's independent authority to consider the grant of immunity, *id.*, was filed after his trial. *Belanger* expressly states that its holding was to be applied prospectively, meaning that it was controlling case law for cases that had not yet gone to trial as of the filing date of the opinion. *Id.* ¶ 60. Nevertheless, Defendant contends that defense counsel should have raised the immunity with the district court by raising

5

constitutional arguments irrespective of controlling precedent. We do not hold defense counsel to this heightened standard of representation. *See State v. Savage*, 115 N.M. 250, 255, 849 P.2d 1073, 1078 (Ct. App. 1992) (holding that it is not ineffective assistance to fail to anticipate a change in the law and that counsel's performance is measured by the law in effect at the time of trial). There is nothing in the record that indicates that the prosecutor would have granted immunity. *See State v. Martin*, 101 N.M. 595, 603, 686 P.2d 937, 945 (1984) (observing the rule that matters not of record cannot be reviewed on appeal). To the extent that Defendant believes that the prosecutor may have been inclined to grant immunity if defense counsel would have pursued the issue, this type of claim is more appropriately raised in the context of a habeas corpus proceeding. *See generally Duncan v. Kerby*, 115 N.M. 344, 346, 851 P.2d 466, 468 (1993) (discussing use of habeas corpus for pursuing ineffective assistance of counsel claims, particularly when factual development is necessary). Accordingly, we decline Defendant's request that we remand this case to the district court for further factual development. Finally, we also note that it was speculative that Barnhill would have testified even if the prosecutor had been inclined to grant immunity, because there were questions with respect to Barnhill's competency. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

**III.    CONCLUSION**

For these reasons, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**LINDA M. VANZI, Judge**