This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **No. A-1-CA-35324**

**JAMES CLIFTON MOTEN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Drew D. Tatum, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**FRENCH, Judge.**

**{1}** Defendant James Moten appeals his conviction for trafficking controlled substances, contrary to NMSA 1978, Section 30-31-20 (2006). On appeal,

Defendant argues (1) the State presented insufficient evidence to support Defendant's conviction; (2) the State violated Defendant's rights under Article II, Section 10 of the New Mexico Constitution by admitting a video recorded by a confidential informant (CI) inside Defendant's house and without a warrant; (3) Defendant's confrontation rights were violated when the State introduced the video into evidence and did not call the CI as a witness; (4) Defendant received ineffective assistance of counsel because his trial counsel failed to file a motion to suppress the CI video on Article II, Section 10 grounds and because his trial counsel failed to interview or call the CI as a witness; (5) the district court erred in allowing a police officer to testify as an expert witness regarding conduct taking place in a video; and (6) the foundation offered by the State for the CI video was insufficient and the district court therefore erred in admitting it into evidence. For the reasons below, none of Defendant's arguments prevail and accordingly we affirm his conviction.

**BACKGROUND**

{2}    On January 8, 2013, Officer Phil Caroland conducted a controlled buy of illegal narcotics using a paid CI in Curry County, New Mexico. Officer Caroland searched the CI to make sure he did not have any drugs or money on his person and then equipped him with a recording device. Officer Caroland did not show the CI how to turn the recording device off or on, nor was the CI able to edit the

2

recording. Officer Caroland later testified that if the CI had turned the recording device off, it would have shown a break in the recording.

{3}     After preparations were complete, Officer Caroland watched the CI enter Defendant's house. After the CI had spent some time in the house, Officer Caroland watched him emerge and return to the police vehicle. Officer Caroland debriefed the CI and later watched the CI video, determining the two were consistent with each other.

{4}     On January 28, 2015, Defendant filed a motion in limine to suppress the CI video arguing admission of it would violate his right to confrontation. Defendant also filed a pro se motion requesting disclosure, under Rules 5-501 and 5-505 NMRA, of the application or order to intercept communications, pursuant to NMSA 1978, Section 30-12-7(D) (1973). A hearing on these motions was held on August 13, 2015. Defendant offered no grounds for suppression of the evidence other than the Confrontation Clause, and again insisted the State had a duty to disclose any application or order to intercept communications, pursuant to the Abuse of Privacy Act. *See* NMSA 1978, Section 30-12-2 to -11 (1973, as amended through 1979). The State asked for the basis upon which this demand originated. The district court reserved ruling on the suppression motion and determined the request for disclosure was not relevant, pursuant to the Abuse of Privacy Act.

**{5}** The motion to suppress the CI video was again discussed during the pretrial hearing on September 30, 2015. In addition to objecting to the CI video on Confrontation Clause grounds, Defendant raised concerns regarding the foundation and reliability of the video. The district court decided that if the CI was not called as a witness and the State still sought to admit the CI video in evidence, it would only be admitted without audio. During the pretrial hearing, Defendant renewed his motion seeking disclosure and inspection of any applications and orders to intercept communications. Defendant again argued failure to disclose any applications and orders to intercept communications is a violation of his privacy, and the alleged surveillance violated "any of his rights," including the Fifth Amendment to the United States Constitution. The State responded it had no such documents and therefore could not disclose them. The district court agreed with the State and found that if there was no application to disclose, there was nothing further to address.

**{6}** At trial, Officer Caroland testified to his extensive experience in law enforcement in general, drug interdiction specifically, and including the fact that he trains others on how to conduct undercover drug operations.

**{7}** Because neither party planned to call the CI as a witness, a muted copy of the CI video was played for the jury. Officer Caroland was able to identify Defendant in the video. Relying upon his experience conducting undercover

4

purchases of crack cocaine, Officer Caroland described Defendant's actions seen in the video as consistent with cutting pieces of crack cocaine from a "cookie." Officer Caroland also testified the video showed the CI taking a plastic bag, which is typical of how crack cocaine is packaged and sold. Defendant's trial counsel objected to this line of questioning arguing that Officer Caroland had not been offered as an expert and was testifying to an ultimate issue. The district court judge allowed the testimony to continue. Neither the State nor Defendant's trial counsel called the CI as a witness. Defendant was convicted of one count of trafficking controlled substances and now appeals his conviction.

**DISCUSSION**

**I.     Substantial Evidence Supports Conviction**

{8}     Defendant challenges the sufficiency of the evidence used to convict him, arguing the State failed to prove either that Defendant received money in exchange for drugs, or that Defendant directly or indirectly gave the CI the drugs. Because substantial evidence claims can be raised for the first time on appeal, we need not concern ourselves with whether the argument was preserved. *See State v. Stein*, 1999-NMCA-065, ¶ 9, 127 N.M. 362, 981 P.2d 295.

{9}     To convict Defendant for trafficking controlled substances, the State was required to prove Defendant knowingly transferred cocaine to another. *See* § 30-31-20. "The test for sufficiency of the evidence is whether substantial evidence of

5

either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citation omitted). When reviewing the sufficiency of evidence, we view it "in a light most favorable to the verdict," and disregard contrary evidence. *State v. Garcia*, 2005-NMSC-017, ¶ 12, 138 N.M. 1, 116 P.3d 72. The question on appeal is whether the district court's "decision is supported by substantial evidence, not whether the [district] court could have reached a different conclusion." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318.

**{10}** The State played a muted copy of the CI video for the jury and though it was not made part of the record on appeal, the record proper does contain references to what was shown in the CI video. Officer Caroland testified the video shows Defendant using a razor blade to cut a "cookie" of some substance. Officer Caroland testified this cutting process and the wrapping of the substance in a plastic bag was consistent with the typical process for packaging and selling crack cocaine. Officer Caroland's testimony provided evidence that the CI possessed drugs when he returned to the police vehicle, and a presumptive test performed on

the drugs showed it to be crack cocaine. This presumptive test was later confirmed through lab analysis, also presented at trial, that the substance was a cocaine-base. During closing arguments, Defendant argued someone else could have given the CI the drugs, the search may have been faulty, or the CI could have obtained the drugs through some other means. The jury was free to accept or reject any of these theories, and by convicting Defendant, it rejected them. Viewing the evidence in a light most favorable to the verdict and disregarding Defendant's contrary and unsupported speculations, we conclude the evidence was sufficient to show beyond a reasonable doubt that Defendant knowingly transferred cocaine to another.

**II.     Defendant's Article II, Section 10 Claim Under the New Mexico Constitution was Not Preserved**

{11}     Defendant argues failure to suppress the CI video recorded in his home, without a warrant, violated his rights under Article II, Section 10 of the New Mexico Constitution and his conviction should therefore be vacated. Defendant concedes admission of the CI recording was proper under the Fourth Amendment of the United States Constitution and does not ask us to address this question. The State argues the New Mexico Constitution claim was not preserved and regardless, admission of the CI video did not constitute fundamental error.

{12}     Article II, Section 10 of the New Mexico Constitution secures people against unreasonable searches. Evidence gathered in violation of this protection is subject to the exclusionary rule and shall be suppressed. *State v. Wagoner*, 2001-NMCA-

014, ¶ 29, 130 N.M. 274, 24 P.3d 306. To preserve an argument for appellate review, "it must appear that a ruling or decision by the [district] court was fairly invoked." Rule 12-321(A) NMRA. When invoking the protections of a New Mexico Constitution "provision [which] has previously been interpreted more expansively than its federal counterpart, trial counsel must develop the necessary factual base and raise the applicable constitutional provision in [district] court." *State v. Leyva*, 2011-NMSC-009, ¶ 49, 149 N.M. 435, 250 P.3d 861 (emphasis omitted). Because Article II, Section 10 of the New Mexico Constitution has been frequently interpreted as offering more protection than the Fourth Amendment of the United States Constitution, to preserve his argument Defendant need only have developed the necessary factual base and raised Article II, Section 10 in the district court. *See State v. Garcia*, 2009-NMSC-046, ¶ 52, 147 N.M. 134, 217 P.3d 1032 (Bosson, J., specially concurring). In the context of Article II, Section 10, it is enough to mention unreasonable searches and seizures during closing arguments and develop the factual record sufficiently for a ruling. *State v. Cardenas-Alvarez*, 2001-NMSC-017, ¶ 13, 130 N.M. 386, 25 P.3d 225.

{13}     Defendant does not bring to our attention any mention of Article II, Section 10 before the district court and our review of the record does not reveal one. Defendant argues a motion seeking disclosure of the application and court order permitting the CI to record inside his house satisfies the preservation requirement.

8

This motion does not mention Article II, Section 10 and instead explicitly relies on the Abuse of Privacy Act, as the legal basis for requiring disclosure of the application and court order. This motion does not argue for the suppression of any evidence under either the New Mexico Constitution or the United States Constitution. We further note, without deciding, the Abuse of Privacy Act specifically relates to "communication[s] or report[s] intended for another by telegraph or telephone." Section 30-12-1(C) (describing the criminal act of interference with communications that Sections 30-12-1 to -11 pertain to). *Compare State v. Hogervorst*, 1977-NMCA-057, ¶ 30, 90 N.M. 580, 566 P.2d 828 (holding there was no unlawful search where a state actor secretly records a face-to-face conversation with a defendant without a warrant), *with Arnold v. State*, 1980-NMSC-030, ¶ 13, 94 N.M. 381, 610 P.2d 1210 (distinguishing between it and *Hogervorst* where the recording in *Arnold* was of a telephone call and reversing based on a violation of the Abuse of Privacy Act statute then in effect). While our preservation rules do not require a talismanic invocation of constitutional provisions, we decline to treat every argument touching on the concept of privacy as sufficient to fairly invoke a district court's ruling on the protections against unreasonable searches and seizures offered by Article II, Section 10.

**{14}** We likewise find Defendant's argument made during the pretrial hearing that failure to disclose the applications and orders for interception of communications violated "any of his rights," and particularly his Fifth Amendment rights, as sufficient to preserve a claim of an unreasonable search and seizure.

**{15}** Defendant's arguments in the district court failed to notify it of a claim of error regarding Article II, Section 10 and further, did not give the State an opportunity to rebut any claim of an unreasonable search and seizure. *See State v. Gomez*, 1997-NMSC-006, ¶ 29, 122 N.M. 777, 932 P.2d 1 (describing the two primary reasons for the preservation requirements as: "(1) to alert the [district] court to a claim of error so that it has an opportunity to correct any mistake, and (2) to give the opposing party a fair opportunity to respond and show why the court should rule against the objector"). We therefore conclude this argument was not preserved.

**{16}** In the event we conclude Defendant's Article II, Section 10 argument was not preserved, Defendant argues we should exercise our discretion and review the argument for fundamental error. *See* Rule 12-321(B)(2)(c) (granting appellate courts the discretion to consider unpreserved arguments, which "by case law, statute, or rule may be raised for the first time on appeal"). Defendant primarily argues this Court should treat the present case as an exception, as it treated the recently decided issue in *State v. Vargas*, 2017-NMCA-023, 389 P.3d 1080. First,

we note *Vargas* did not involve a fundamental error analysis, but rather discretionary analysis of a fundamental right invoked by this Court "[b]ecause of the unusual nature of [the] case." *Id.* ¶ 15. The *Vargas* defendant faced criminal liability for an act the United States Supreme Court held violated the Fourth Amendment during the pendency of the appeal. *Id.*. Under the then recent United States Supreme Court precedent discussed in *Vargas*, this Court reversed the defendant's aggravated DWI conviction for failing to submit to a warrantless blood test, because "a driver may be deemed to have consented to a warrantless blood test under a state implied consent statute, but the driver may not be subject to a criminal penalty for refusing to submit to such a test." *Id.* ¶¶ 24, 26 (citing *Birchfield v. North Dakota*, 136 S. Ct. 2160, 2186 (2016)). This unusual circumstance caused us to consider the unpreserved claim as a fundamental right. *Vargas*, 2017-NMCA-023, ¶ 15.

{17} No such unusual circumstance exists here. Defendant does not face liability for a novel question of law under the Fourth Amendment, and in fact, concedes in briefing the United States Supreme Court decided this issue in 1971 and New Mexico adopted it in 1977. As this is settled Fourth Amendment law, the Defendant fails to point to any controlling law requiring a different outcome, and Defendant failed to fairly invoke a ruling from the district court, we decline to

exercise our discretion and analyze Defendant's Article II, Section 10 claim as a fundamental right.

**{18}** Regarding Defendant's argument of fundamental error, "[i]f there is substantial evidence (as in this case) to support the verdict of the jury, we will not resort to fundamental error." *State v. Rodriguez*, 1970-NMSC-073, ¶ 10, 81 N.M. 503, 469 P.2d 148. As we have held there is substantial evidence to support Defendant's conviction, we will not resort to fundamental error analysis.

### III. Defendant's Confrontation Rights Were Not Violated

**{19}** Defendant argues his right to confront a declarant offering testimony against him was violated when the district court allowed the State to play the CI video without calling the CI as a witness. The State argues the CI's conduct in the video is not testimonial in nature and does not qualify as hearsay. Defendant made this argument before the district court, and if we find error, we will therefore review for harmless error. *See State v. Dietrich*, 2009-NMCA-031, ¶ 51, 145 N.M. 733, 204 P.3d 748 (holding that preserved *Crawford* issues are analyzed for harmless error).

**{20}** "Under the Confrontation Clause, U.S. Const. amend. VI, an out-of-court statement that is both testimonial and offered to prove the truth of the matter asserted may not be admitted unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant." *State v. Smith*, 2016-NMSC-007, ¶ 42, 367 P.3d 420 (internal quotation marks and citation omitted).

12

"[A] statement can only be testimonial if the declarant made the statement primarily intending to establish some fact with the understanding that the statement may be used in a criminal prosecution." *State v. Navarette*, 2013-NMSC-003, ¶ 8, 294 P.3d 435. A "statement" is a "verbal assertion or non-verbal conduct intended as an assertion." *Black's Law Dictionary* 1629 (10th ed. 2014). A "recording is not testimonial evidence but a species of real evidence." *State v. Glen Slaughter & Assocs.*, 1994-NMCA-169, ¶ 5, 119 N.M. 219, 889 P.2d 254.

{21} As a preliminary matter, we note the recording was not made a part of the record on appeal and we cannot examine it ourselves to determine whether any of the CI's conduct may have been a statement. We also observe the recording played for the jury was muted, so only nonverbal conduct was introduced.

{22} In reviewing the record, the Court was unable to find any nonverbal conduct attributed to the CI which could be understood to be a statement. Perhaps more to the point, Defendant fails to point to any conduct of the CI which was intended as a statement offered to prove the truth of the matter asserted. Officer Caroland describes the CI going to and from Defendant's house and taking a plastic bag. Defendant does not argue, nor do we conclude, any of this conduct was intended as an assertion. Defendant highlights it was through Officer Caroland's testimony, not any assertion by the CI, that "an inference could be made by virtue of [the CI]'s conduct that [Defendant] was a drug dealer who sold drugs to him." Defendant had

13

ample opportunity to cross-examine Officer Caroland, and in fact, availed himself of said opportunity, even taking the opportunity to recross examine him.

**{23}** We conclude the CI offered no testimony to prove the truth of the matter asserted. The only conduct of the CI which could even be challenged appeared in the form of a recording, which is a species of real evidence, not testimonial. *Glen Slaughter & Assocs.*, 1994-NMCA-169, ¶ 5. As no statements by the CI were admitted into evidence, Defendant's Confrontation rights could not have been violated and there was no error.

## IV. Defendant Did Not Receive Ineffective Assistance of Counsel

**{24}** Defendant argues he was denied his right to effective assistance of counsel when his trial counsel failed to file a motion to suppress the CI video under Article II, Section 10 of the New Mexico Constitution and when his trial counsel failed to interview and call the CI as a witness. The State argues Defendant did not receive ineffective assistance of counsel because trial counsel is not ineffective for failing to file a motion unsupported by current law and Defendant fails to show what else his trial counsel should have done to locate the CI. "We review claims of ineffective assistance of counsel de novo." *State v. Dylan J.*, 2009-NMCA-027, ¶ 33, 145 N.M. 719, 204 P.3d 44.

**{25}** Every criminal defendant has a right to reasonably effective assistance of counsel. *State v. Tafoya*, 2012-NMSC-030, ¶ 59, 285 P.3d 604. "To evaluate a

14

claim of ineffective assistance of counsel, we apply the two-prong test in *Strickland v. Washington*, 466 U.S. 668[.]" *Dylan J.*, 2009-NMCA-027, ¶ 36. "That test places the burden on the defendant to show that his counsel's performance was deficient and that the deficient performance prejudiced his defense." *Id.* ¶ 36. "A prima facie case of ineffective assistance of counsel is made on appeal where: (1) it appears from the record that counsel acted unreasonably; (2) the appellate court cannot think of a plausible, rational strategy or tactic to explain counsel's conduct; and (3) the actions of counsel are prejudicial." *Smith*, 2016-NMSC-007, ¶ 62 (internal quotation marks and citation omitted).

{26}     Defendant argues his trial counsel was ineffective, yet fails to cite to a single New Mexico case holding a video recorded by a CI, who has been invited into a house without a warrant, violates Article II, Section 10 of the New Mexico Constitution. Even assuming Defendant is correct and Article II, Section 10 will some day prohibit such a recording from being used as evidence, we will not hold trial counsel was ineffective for failing to anticipate a future development of the law. *See State v. Savage*, 1992-NMCA-126, ¶ 18, 115 N.M. 250, 849 P.2d 1073.

{27}     Defendant also argues his trial counsel was ineffective for failing to locate and call the CI as a witness. However, Defendant's trial counsel called every number he could find for the CI in both Roswell and Clovis, had an investigator attempt to locate him, and contacted the CI's attorney, all to no avail. While

15

Defendant's trial counsel failed to subpoena the CI, we decline to hold these efforts to locate the witness unreasonable.

{28}     Even if we did conclude the efforts of Defendant's trial counsel to locate the CI were unreasonable, there were several rational strategies to explain not calling him as a witness. First, we note Defendant's trial counsel's attempts to convince the district court the State must call the CI as a witness and rely on his testimony. Forcing the State to call and rely on the testimony of a CI would have allowed defense counsel to poke holes in his story, impeach him, and otherwise taint the State's case with past wrong-doings. If called as a defense witness, the CI does not expose the State to such risks because the State can, and did, simply rely on the CI video. However, calling the CI as a defense witness ran the risk of bolstering the credibility of the CI video and potentially corroborating the events it portrays. We note Defendant's trial counsel used the fact the CI did not testify to attack the credibility of the CI video during closing arguments and attempt to introduce ambiguity into exactly what happened, despite the fact it was all recorded. Under the facts of this case, it was a rational strategy not to call the CI as a defense witness.

{29}     Because the steps Defendant's trial counsel took to locate the CI were not unreasonable and there are rational strategies to explain the fact he did not call the

16

CI as a witness at trial, we reject Defendant's argument that he received ineffective assistance of counsel.

**V.      Officer Caroland's Expert Testimony**

**{30}**      Defendant argues the district court erred in allowing Officer Caroland to testify based on his training and experience about the events taking place in the CI video. The State counters that the district court did not abuse its discretion by implicitly recognizing Officer Caroland as an expert on how crack cocaine is packaged for sale. Defendant objected while Officer Caroland was giving this testimony and thereby preserved this argument. *See Montoya*, 2015-NMSC-010, ¶ 45 ("In order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon." (internal quotation marks and citation omitted)). We review the admission of expert testimony for an abuse of discretion. *State v. Torres*, 1999-NMSC-010, ¶ 27, 127 N.M. 20, 976 P.2d 20.

**{31}**      Rule 11-702 NMRA allows a witness to be qualified as an expert and offer testimony in the form of an opinion if their "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." This is in contrast to a witness not testifying as an expert, whose opinion testimony is limited to matters "rationally based on the witness's perception, . . . helpful to clearly understanding the witness's testimony

17

or to determining a fact in issue," and explicitly falls outside of the scope of expert testimony defined in Rule 11-702. Rule 11-701 NMRA. We consider whether Officer Caroland's "knowledge and experience were sufficient to support a determination that [his] conclusions regarding" the consistency of Defendant's actions with the packaging and sale of crack cocaine "may be trusted." *State v. Rael-Gallegos*, 2013-NMCA-092, ¶ 21, 308 P.3d 1016. We are mindful of our Supreme Court's instruction that there are no

> formal, talismanic words that must be uttered in order to signal the court's acceptance of a witness as an expert. Instead, we determine that a witness may testify as an expert as long as the circumstances are such that the parties are on notice of the court's acceptance of that witness as an expert.

*State v. Bullcoming*, 2010-NMSC-007, ¶ 30, 147 N.M. 487, 226 P.3d 1, *rev'd on other grounds sub nom*, *Bullcoming v. New Mexico*, 564 U.S. 647 (2011).

{32}    Officer Caroland testified he had twenty-seven years of experience as a law enforcement officer. He has undergone both the basic and advanced DEA training on narcotics interdiction and training in the use and control of CIs. He instructs the New Mexico Attorney General's Office and the Texas Narcotics Officer Association on the planning and conducting of undercover operations. He has purchased both controlled substances and used CIs hundreds of times as part of his daily routine for nine years. Regarding crack cocaine specifically, Officer Caroland was familiar with its appearance through both classroom training and in his many

18

years of experience. This foundation was laid before the CI video was played for the jury and before Officer Caroland offered his opinion on what was happening in the video.

{33} The district court allowed Officer Caroland to testify about his opinion of the events taking place in the CI video while it was playing for the jury. Officer Caroland testified that Defendant's actions were consistent with the packaging and sale of crack cocaine.

{34} Defendant's trial counsel objected to Officer Caroland's testimony regarding what was happening in the CI video because Officer Caroland had "not been offered as an expert under [Rule 11-]702 and I think he's going to an ultimate issue." The State argued Officer Caroland was not testifying as to an ultimate issue, but instead testifying as to how drugs are packaged and sold in his training and experience. The Court responded "he's gone through his observations in his time in law enforcement" and allowed the testimony to continue. The foundation laid by the State, Defendant's own objection, and the district court's response to the objection, were all sufficient indicia to put the parties on "notice of the court's acceptance of that witness as an expert." *Bullcoming*, 2010-NMSC-007, ¶ 30. Given Officer Caroland's extensive experience, which is relied upon for training by law enforcement agencies in both New Mexico and Texas, we cannot say the

19

district court abused its discretion by allowing Officer Caroland to testify as an expert.

**VI.    Foundation for Video**

{35}    Defendant argues that the State failed to lay a proper foundation for the CI video and the district court therefore erred when it allowed the CI video to be played for the jury. Defendant contends this argument was preserved via pretrial motion wherein Defendant's trial counsel speculated that the State would be incapable of laying a proper foundation. "In order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the [district] court of the nature of the claimed error and invokes an intelligent ruling thereon." *Montoya*, 2015-NMSC-010, ¶ 45 (internal quotation marks and citation omitted). A pretrial challenge to the admission of evidence is insufficient for preservation when the challenge is not renewed during trial. *See State v. Lopez*, 2008-NMCA-002, ¶ 9, 143 N.M. 274, 175 P.3d 942; *State v. Neswood*, 2002-NMCA-081, ¶ 18, 132 N.M. 505, 51 P.3d 1159.

{36}    Defendant speculated the State would be unable to lay a foundation in a pretrial motion. At trial however, after the State laid its foundation, Defendant offered no objection on foundation grounds and the evidence was admitted after Defendant's trial counsel ensured it was the version without audio. No other objection was made. The untimely pretrial objection to foundation did not allow

the State or the district court to respond to any alleged deficiencies in the foundation actually laid during trial. After the State laid its foundation, Defendant had no objection beyond preserving the Confrontation Clause claim and ensuring the CI video had no audio. Because Defendant failed to preserve this argument, we decline to address it.

**CONCLUSION**

{37}    For the foregoing reasons, we affirm Defendant's conviction.

{38}    **IT IS SO ORDERED.**

_____
**STEPHEN G. FRENCH, Judge**

**WE CONCUR:**

_____
**J. MILES HANISEE, Judge**

_____
**HENRY M. BOHNHOFF, Judge**