This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37562**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**VIVIAN MARQUEZ,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett Loveless, District Judge**

Hector H. Balderas, Attorney General
Laurie Blevins, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant Vivian Marquez appeals the district court decision affirming her metropolitan court conviction for violating an order of protection, contrary to NMSA 1978, Section 40-13-6 (2013). Defendant argues (1) the metropolitan court committed fundamental error in failing to instruct the jury on duress, and (2) the State failed to present sufficient evidence to support Defendant's conviction. We affirm.

**BACKGROUND**

**{2}** Defendant was charged with violating an order of protection prohibiting her from contacting her ten-month-old child (Child) or Child's father, Rodolfo Herrera (Father). At a metropolitan court jury trial, the court instructed the jury, in relevant part, that to convict Defendant it had to find that the State had proved the following elements beyond a reasonable doubt: (1) Defendant was subject to a properly served order of protection; (2) the order of protection was valid and in force; (3) Defendant violated a provision of the order of protection prohibiting Defendant from contacting Father or Child; (4) Defendant knew that the order of protection prohibited her from contacting Father or Child; (5) Father did not cause Defendant to violate the order of protection; and (6) this happened on or about October 10, 2014. The jury convicted Defendant of violating the order of protection.

**{3}** Defendant appealed to the district court, and the district court affirmed. Defendant appeals.

## DISCUSSION

### I. The Metropolitan Court Did Not Commit Fundamental Error

**{4}** Defendant argues the metropolitan court committed fundamental error when it did not sua sponte instruct the jury on duress. Because Defendant did not tender a duress instruction, we review for fundamental error. *See State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134 (stating, where an error has not been preserved we review for fundamental error); *State v. Haskins*, 2008-NMCA-086, ¶ 26, 144 N.M. 287, 186 P.3d 916 ("The fundamental error doctrine is applied to review unpreserved error when the court's conscience is shocked at a miscarriage of justice, such as when a defendant is indisputably innocent or when a mistake in the process makes a conviction fundamentally unfair notwithstanding the apparent guilt of the accused." (alteration, internal quotation marks, and citation omitted)).

**{5}** Defendant argues the metropolitan court erred in failing to instruct the jury on duress after it was "clearly raised" by her testimony. Defendant contends both elements of the defense of duress—that Defendant feared immediate great bodily harm to another person, and that a reasonable person would have acted in the same way under the circumstances—were satisfied, citing UJI 14-5130 NMRA. *See also State v. Ortiz*, 2020-NMSC-008, ¶ 12, 468 P.3d 833 ("A defendant seeking a duress instruction must make a prima facie showing that he was in fear of immediate and great bodily harm to himself or another and that a reasonable person in his position would have acted the same way under the circumstances." (internal quotation marks and citation omitted)). Defendant points to evidence that her actions were in response to pictures she received from Father showing Child, a ten-month-old baby who had never before spent a night with Father, looking severely ill and unresponsive, and that any mother would have responded as she did—by going to care for Child who needed to be breastfed, even knowing she could go to jail. Defendant cites recommendations from several organizations and research from an academic article underscoring the importance of breastfeeding to a ten-month-old child and to the mother-child relationship.

**{6}** But even if we were to assume Defendant would have been entitled to the duress instruction had she requested it, fundamental error did not occur in this case. *See State v. Barber*, 2004-NMSC-019, ¶¶ 12-13, 135 N.M. 621, 92 P.3d 633 (concluding that the defendant would have been entitled to an instruction defining possession had he requested it and thus proceeding to examine whether the failure to give the definition constituted fundamental error). Fundamental error analysis in this context begins with applying the standard for reversible error by determining if a reasonable juror would have been "confused or misdirected" by the jury instructions that were given. *Id.* ¶ 19. Juror confusion or misdirection may stem "from instructions which, through omission or misstatement, fail to provide the juror with an accurate rendition of the relevant law." *Benally*, 2001-NMSC-033, ¶ 12; *accord* Rule 5-608(A) NMRA ("The court must instruct the jury upon all questions of law essential for a conviction of any crime submitted to the jury.").

**{7}** Here, we conclude there was no reversible error. While Defendant argues that without an instruction as to the defense of duress, the jury was "essentially told that it was required to convict [Defendant] of violating the [order of protection] regardless of her motives[,]" we cannot say the jury instructions given failed to provide jurors with an accurate rendition of the law pertaining to violating an order of protection. An instruction as to the defense of duress is not a question of law essential for a conviction of violating an order of protection. *Cf. State v. Savage*, 1992-NMCA-126, ¶ 11, 115 N.M. 250, 849 P.2d 1073 (concluding that the absence of the affirmative defense of entrapment was not an element of the offense and thus, there was "no issue essential to conviction on which the trial court failed to instruct the jury"). We cannot say a reasonable juror would have been confused or misdirected by the jury instructions that were given, which largely mirrored the applicable UJI. *See* UJI 14-334 NMRA; *see also State v. Adamo*, 2018-NMCA-013, ¶ 27, 409 P.3d 1002 ("Jury instructions are sufficient if they fairly and correctly state the applicable law." (internal quotation marks and citation omitted)).

**{8}** Because we conclude there was no reversible error, "it follows that there was no fundamental error in the instructions." *Adamo*, 2018-NMCA-013, ¶ 27; *see State v. Martinez*, 1996-NMCA-109, ¶¶ 37-38, 122 N.M. 476, 927 P.2d 31 (rejecting the defendant's fundamental error argument and concluding that the district court did not err in failing to instruct the jury, sua sponte, on the affirmative defense of entrapment); *see also State v. Ortiz*, 2018-NMCA-018, ¶ 5, 412 P.3d 1132 ("The district court must instruct on the defense of duress only if it is raised by the defendant[.]" (alterations, internal quotation marks, and citation omitted)), *rev'd on other grounds*, 2020-NMSC-008, ¶¶ 25-27, 468 P.3d 833.

## II.    Sufficient Evidence Supports Defendant's Conviction

**{9}** Defendant next argues there was insufficient evidence to convict her of violating the order of protection. "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and

citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* ¶ 53 (alteration, internal quotation marks, and citation omitted). When reviewing for substantial evidence, appellate courts "view[] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *Id.* ¶ 52 (internal quotation marks and citation omitted). We also disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. We measure the sufficiency of the evidence against the jury instructions given, which become the law of the case. *State v. Jackson*, 2018-NMCA-066, ¶ 22, 429 P.3d 674.

**{10}** Here, Defendant challenges only the sufficiency of the evidence as to the fifth element of the jury instructions: Father did not cause Defendant to violate the order of protection. As evidence that Father caused Defendant to violate the order of protection, Defendant points to two exhibits introduced at trial: (1) a custody order in which the district court found that Father had caused the violation of the order of protection by inviting Defendant to Father's house to nurse Child and continued to emotionally abuse and intimidate Defendant; and (2) a letter Father wrote several days after the violation in which Father stated that Defendant had permission to take care of Child at Father's apartment. Defendant argues she was the victim in her relationship with Father, and that the order of protection was unjustly used against a mother nursing her baby. We conclude a rational trier of fact could have found beyond a reasonable doubt that Father did not cause Defendant to violate the order of protection based on the evidence presented at trial.

**{11}** At trial, Father testified that the following events occurred on the date Defendant violated the order of protection: Defendant called Father approximately fifty six times. When Father finally answered the phone he told Defendant to stop calling him and that he had an order of protection. Defendant showed up at Father's apartment and started "pounding on the door." Father opened a kitchen window and saw Defendant "screaming and crying and pleading for [Father] to let her in." Defendant pounded at the window for "almost an hour." Father repeatedly asked Defendant to leave and told her he had an order of protection.

**{12}** Father recorded video footage of this encounter with Defendant, and the video footage corroborated parts of Father's testimony. In the video, Defendant asked Father to let her in, and Father refused. When Defendant asked for a glass of water, Father responded, "I'm not gonna give you anything because you're gonna break in and cause a scene." Father then stated, "[Child] is fine right now[,]" and Defendant responded, "I know he's fine. He looks great." Father then told Defendant to "please leave." Based on Father's testimony and video footage corroborating parts of his testimony, we conclude a rational trier of fact could have found beyond a reasonable doubt that Father did not cause Defendant to violate the order of protection. *See State v. Soliz*, 1969-NMCA-043, ¶ 8, 80 N.M. 297, 454 P.2d 779 (stating that the testimony of a single witness can be sufficient evidence to support a conviction).

**{13}** Although Defendant's testimony largely contradicted Father's, the jury was free to reject her version of events. *See State v. Galindo*, 2018-NMSC-021, ¶ 12, 415 P.3d 494 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." (internal quotation marks and citation omitted)). Further, viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have determined that the letter in which Father gave Defendant permission to take care of Child at Father's apartment was irrelevant because the letter was dated October 13, 2014, while the jury instructions called for determining whether Defendant violated the order of protection three days earlier on October 10, 2014.

**{14}** As to the district court's finding in a separate custody proceeding that Father abused the order of protection by "inviting [Defendant] to his house to nurse . . . [C]hild[,]" Defendant cites no authority that findings from an earlier custody hearing in which the State was not a party are binding in a later criminal trial. *Cf. State v. Hoeffel*, 1991-NMCA-070, ¶ 5, 112 N.M. 358, 815 P.2d 654 ("As a general rule, collateral estoppel, in either a criminal or a civil context, does not bind one who was not a party in the prior action."). To the extent Defendant argues the metropolitan court should have deferred to the findings in the district court's custody order, citing *In re Bristol*, 2006-NMSC-041, ¶ 16, 140 N.M. 317, 142 P.3d 905 (per curiam), *Bristol* is inapplicable. *Bristol* involved an attorney disciplinary proceeding governed by the rules of discipline, which provided that a hearing committee was the only entity designated to take evidence during the proceeding, and that the hearing panel—tasked with reviewing the recommended decision of the hearing committee—was limited to considering evidence presented to the hearing committee. *Id.* ¶¶ 1-3, 15. Here, by contrast, no such rules so limited the metropolitan court's ability to gather its own evidence or the jury's ability to make its own factual findings. In sum, we conclude sufficient evidence established that Father did not cause Defendant to violate the order of protection. Accordingly, sufficient evidence supported Defendant's conviction.

## CONCLUSION

**{15}** For the foregoing reasons, we affirm.

**{16}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JACQUELINE R. MEDINA, Judge**