This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40308

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ZACHARY WHITE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Judge**

Hector H. Balderas, Attorney General
Benjamin L. Lammons, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** This matter was submitted to this Court on Defendant's brief in chief, pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Eleventh Judicial District Court in *In re Pilot Project for Criminal Appeals*, No. 2019-002, effective October 1, 2019. Following consideration of the brief in chief, the Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer, and reply, we reverse and remand for the following reasons.

**{2}** Following a jury trial, Defendant appeals a conviction of trafficking methamphetamine, asserting instructional error and ineffective assistance of counsel. [BIC 1-2, 11, 14] Because our reversal on the basis of instructional error moots the question involving assistance of counsel, we address only the instructional issue here. With regard to that issue, Defendant asserts that, although evidence received at trial supported instructing the jury with regard to the defense of entrapment, the district court denied his request for such an instruction. [BIC 9, 11]

**{3}** Defendant and the State agree that Defendant sold methamphetamine to an undercover police officer. [BIC 2, AB 1] Defendant also testified that he obtained that methamphetamine from someone who was working with that undercover officer as a confidential informant. [BIC 11] On the basis of those facts, Defendant asserts that the jury should have been allowed to consider an entrapment defense. [Id.] *See Baca v. State*, 1987-NMSC-092, ¶ 14, 106 N.M. 338, 742 P.2d 1043 (holding that police exceed the standards of proper investigation "where the government was both the supplier and the purchaser of the contraband and [the] defendant was recruited as a mere conduit").

**{4}** In response, the State asserts that there was no evidence that the undercover officer supplied the methamphetamine to the confidential informant, and that there was testimony that the drug task force involved in the investigation of Defendant does not provide narcotics to confidential informants. [AB 9, 14] To the extent the informant was working with the government, however, it is not relevant where he got the drugs. *See, e.g., id.* ¶ 13 (holding entrapment occurred where an informant "procured" drugs and arranged for the defendant to sell them to an undercover officer). If a jury were to find that Defendant "acted as nothing more than a conduit, conveying [contraband] from a police informant to a policeman," Defendant would have been entitled to an acquittal based upon the defense of objective entrapment. *Id.* ¶ 13; *see State v. Savage*, 1992-NMCA-126, ¶ 7, 115 N.M. 250, 849 P.2d 1073 (explaining that a defendant would be entitled to dismissal upon a finding "that he had been a 'mere conduit' between a government supplier and a government purchaser"). It thus appears the evidence received at Defendant's trial would have supported all of the findings necessary to establish that defense. As a result, Defendant was entitled to a jury instruction on that question. *See State v. Brown*, 1996-NMSC-073, ¶ 34, 122 N.M. 724, 931 P.2d 69 ("When evidence at trial supports the giving of an instruction on a defendant's theory of the case, failure to so instruct is reversible error."); *State v. Lucero*, 2010-NMSC-011, ¶ 11, 147 N.M. 747, 228 P.3d 1167 (same).

**{5}** Alternatively, the State asserts that the district court properly denied Defendant's request for an entrapment instruction because Defendant failed to provide notice prior to trial of his intent to offer evidence of entrapment, as required by Rule 5-508 NMRA. [AB 16-17] When this issue was raised below, the parties appear to have focused on whether good cause existed for the district court to waive the requirements of that rule. [Id.; BIC 9; RB 3] Defendant asserted that he was unaware that the person who provided him with the methamphetamine was a confidential informant until that fact was revealed at trial. [BIC 2, 5, 11; RP 3] The State responds that Defendant could have learned that fact earlier by conducting a pretrial interview. [AB 10, 16-17]

**{6}** We need not address the question of whether good cause existed to waive the requirements of Rule 5-508, because the available remedy for failure to comply with those requirements, which is prescribed by the rule itself, does not include refusal to instruct the jury on matters that must be decided at trial. Instead, Rule 5-508 explicitly instructs that if a defendant fails to provide notice of an intent to offer evidence of an alibi or entrapment, the district court may exclude evidence offered by the defendant that would establish an alibi or entrapment. Rule 5-508(D).

**{7}** On appeal, the State argues that the district court's decision not to instruct the jury regarding entrapment is supported by *State v. Watley*, 1989-NMCA-112, 109 N.M. 619, 788 P.2d 375, in which this Court affirmed a ruling excluding alibi evidence based upon a defendant's violation of Rule 5-508. [AB 17] That case did not, however, involve the refusal of a jury instruction based upon evidence received at trial. *Watley* involved only the exclusion of evidence, as explicitly authorized by Rule 5-508. *See id.* ¶¶ 3-9. In this case, the evidence necessitating an entrapment instruction was admitted at trial, and Defendant requested an instruction that was supported by that evidence. As a result, Defendant was entitled to an entrapment instruction, and refusal to instruct the jury on that theory of the case was reversible error. *See Brown*, 1996-NMSC-073, ¶ 34 (holding that refusal to instruct on a theory supported by the evidence is reversible error).

**{8}** Based on the foregoing, we reverse the judgment of conviction entered below, and remand for proceedings consistent with this opinion.

**{9} IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JANE B. YOHALEM, Judge**